2005 WY 45

**Randy Eugene BEEMAN,**
**Appellant (Plaintiff),**

v.

**Mellissa Leann BEEMAN,**
**Appellee (Defendant).**

No. 04–68.

Supreme Court of Wyoming.

April 13, 2005.

Representing Appellant: Don M. Empfield, Gillette, Wyoming.

Representing Appellee: Bruce Horton, Douglas, Wyoming (deceased); and Rick Erb of Richard A. Erb, Jr., P.C., Gillette, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and GUTHRIE, D.J.

VOIGT, Justice.

[¶ 1] This is an appeal from a child custody decision in a divorce case. We affirm.

## ISSUES

[¶ 2] We will restate the issues presented by the parties as follows:

1. Did the appellant fail to comply with W.R.A.P. 3.03 and fail to provide an adequate record for review and, if so, are sanctions appropriate?

2. Did the district court abuse its discretion in granting custody of the parties' children to the appellee?

## FACTS

[¶ 3] The parties were married in 1995. They have two sons, one born in 1996 and one born in 1998. The appellant filed for divorce on February 19, 2003. After an unreported bench trial nine months later, where the appellant was represented by counsel and the appellee appeared *pro se,* the district court entered its decree of divorce in February 2004. The appellee received primary custody of the children.

[¶ 4] The appellant filed a Notice of Appeal on March 19, 2004. On May 17, 2004, he filed in the district court a Statement of Evidence, pursuant to W.R.A.P. 3.03, and he filed in this Court a Motion Seeking Stay of Time Requirements for Filing Brief or, in the Alternative, an Extension of Time to File Brief.[1] The appellee, now represented by

---

1. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means including appellant's recollec-tion. The statement shall be served on appellee, who may serve objections or propose amendments within 15 days after service. The statement and any objections or proposed amendments shall be submitted to the trial court for

counsel, responded with Appellee's Response to Motion for Stay or Extension of Time and Motion to Dismiss Appeal. We denied the appellant's motion as moot, because he had in the meantime filed his brief, and we denied the appellee's motion to dismiss as being insufficiently grounded. The appellee then filed her brief on July 1, 2004, and the district court's Settlement of Evidence was made part of the record on appeal on July 9, 2004.

### DISCUSSION

#### The Record on Appeal

[¶ 5] Briefs prepared in the absence of a transcript or other record of the district court proceedings necessarily lack appropriate references to that record. That problem is exacerbated by the fact that W.R.A.P. 3.03 procedures occur after trial, and the rule contains no significant time guidelines. The result is the potential for temporal overlap of district court and appellate court functions.[2] Because of these inherent difficulties, and because the Settlement of Evidence was received before this case was considered on appeal, we will consider the record to be technically adequate and will decline to impose sanctions against the appellant.

#### The Custody Decision

 [¶ 6] The standard of review applicable in this case was recently reiterated in *In re KRA*, 2004 WY 18, ¶ 7, 85 P.3d 432, 435 (Wyo.2004) (*quoting Produit v. Produit*, 2001 WY 123, ¶ 9, 35 P.3d 1240, 1242–43 (Wyo.2001)):

"Custody, visitation, child support, and alimony are all committed to the sound discretion of the district court. It has been our consistent principle that in custody matters, the welfare and needs of the children are to be given paramount consideration. The determination of the best interests of the child is a question for the trier of fact. 'We do not overturn the decision of the trial court unless we are persuaded of an abuse of discre-

tion or the presence of a violation of some legal principle.' *Fink* [*v. Fink*], 685 P.2d [34,] 36 [(Wyo.1984)]."

*Reavis v. Reavis*, 955 P.2d 428, 431 (Wyo. 1998).... Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Pace v. Pace*, 2001 WY 43, ¶ 9, 22 P.3d 861, ¶ 9 (2001); *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998).

"Our review entails evaluating the sufficiency of the evidence to support the trial court's decision, and we afford to the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party. We cannot sustain findings of fact not supported by the evidence, contrary to the evidence, or against the great weight of the evidence. Similarly, an abuse of discretion is present when a material factor deserving significant weight is ignored. *RDS v. GEMN*, 9 P.3d 984, 986 (Wyo.2000)."

*Pace*, at ¶ 10.

[¶ 7] Guiding the district court's exercise of discretion in making child custody decisions is the list of non-exclusive factors found in Wyo. Stat. Ann. § 20–2–201(a) (LexisNexis 2003):

(i) The quality of the relationship each child has with each parent;

(ii) The ability of each parent to provide adequate care for each child throughout each period of responsibility, including arranging for each child's care by others as needed;

(iii) The relative competency and fitness of each parent;

(iv) Each parent's willingness to accept all responsibilities of parenting, including a willingness to accept care for each child at specified times and to relinquish care to the other parent at specified times;

---

settlement and approval and as settled and approved shall be included by the clerk of the trial court in the record on appeal. W.R.A.P. 3.03.

2. Amendments to W.R.A.P. 3.03 are being considered that would alleviate this problem.

(v) How the parents and each child can best maintain and strengthen a relationship with each other;

(vi) How the parents and each child interact and communicate with each other and how such interaction and communication may be improved;

(vii) The ability and willingness of each parent to allow the other to provide care without intrusion, respect the other parent's rights and responsibilities, including the right to privacy;

(viii) Geographic distance between the parents' residences;

(ix) The current physical and mental ability of each parent to care for each child;

(x) Any other factors the court deems necessary and relevant.

To this list of factors, the legislature has added in Wyo. Stat. Ann. § 20–2–201(c), the factor of spousal abuse or child abuse.

[¶ 8] The appellant's attack upon the district court's exercise of its discretion in this case is two-pronged. First, the appellant provides the following summary of what he considers to be the district court's errors:

The trial court awarded custody to a parent with an admitted propensity toward violence, who drinks on a regular, daily basis and who allows the children to go unbathed for long periods of time. This parent has denied the other parent telephone access to the children and has defied the trial court's order in doing so.

The other parent here has demonstrated a peaceful disposition and has never been in trouble with the criminal justice system, excepting the one incident where the appellee alleged violation of a "no contact" order for leaving a message on her telephone. It is uncontroverted that he spent all his visitation time with the children and took care they were bathed and well cared for.

[¶ 9] Next, the appellant addresses the above-listed statutory factors one-by-one and comments as to his view of the evidence. A couple of examples will suffice:

(i) The quality of the relationship each child has with each parent[.]

*Comment By Appellant:* The children love both parents and both of them love the children. The uncontroverted testimony of the children's counselor, however, is that if they (the children) had to choose a parent with whom to reside, they would choose their father.

(ii) The ability of each parent to provide adequate care for each child throughout each period of responsibility, including arranging for each child's care by others as needed[.]

*Comment by Appellant:* Appellant sees no substantial difference in the ability of the parents to provide this care. Both parents are employed outside the home, the mother as an office worker for an automotive dealership and the father as a driller.

[¶ 10] We will affirm the decision of the district court because we cannot predicate a finding of abuse of discretion upon the record presented. It is not enough for an appellant to summarize alleged errors and to give his views of the import of the evidence. It is the appellant's burden to bring a complete record to this Court. *Erhart v. Evans,* 2001 WY 79, ¶ 18, 30 P.3d 542, 547 (Wyo.2001); *Wood v. Wood,* 865 P.2d 616, 617 (Wyo.1993). Where a proper record is not provided, an appeal may be dismissed or review may be limited to those issues not requiring inspection of the record. *Stadtfeld v. Stadtfeld,* 920 P.2d 662, 664 (Wyo.1996) (*quoting Matter of Manning's Estate,* 646 P.2d 175, 176 (Wyo.1982)); *Wood,* 865 P.2d at 618.

> Without a sufficient record, we must
>
> "accept the 'trial court's findings as being the only basis for deciding the issues which pertain to the evidence.' *Willowbrook Ranch, Inc. v. Nugget Exploration, Inc.,* 896 P.2d 769, 771 (Wyo.1995). 'In the absence of anything to refute them, we will sustain the trial court's findings, and we assume that the evidence presented was sufficient to support those findings.' 896 P.2d at 771–72."

*Williams v. Dietz,* 999 P.2d 642, 645 (Wyo. 2000) (*quoting Weiss v. Pedersen,* 933 P.2d 495, 498 (Wyo.1997)) (*abrogated on other*

## 552

*grounds by White v. Allen,* 2003 WY 39, 65 P.3d 395 (Wyo.2003)).

*Smith v. Smith,* 2003 WY 87, ¶ 11, 72 P.3d 1158, 1161 (Wyo.2003). *See also Chancler v. Meredith,* 2004 WY 27, ¶ 5, 86 P.3d 841, 842 (Wyo.2004).

[¶ 11] Although this law has developed for the most part in cases where neither a transcript of the proceedings nor a settled statement of the evidence has been provided, the same rationale holds true in cases where the settled statement of the evidence does not address the issues presented to this Court, or does not provide sufficient basis for a finding of abuse of discretion. For example, one allegation in the instant case is that the district court ignored the evidence that revealed the appellant to be a peaceful person and the appellee to be a violent person. It is impossible for this Court to say that the district court abused its discretion in that regard because the record, in the form of the settled statement, simply does not support the allegation. Similarly, the appellant alleges that the district court ignored the children's stated preference to live with the appellant, yet the settled statement of the evidence says nothing about such a stated preference being part of the evidence.

[¶ 12] We repeat: it is the appellant's burden to bring a sufficient record to this Court to allow review of the district court's discretionary decisions. *Jordan v. Brackin,* 992 P.2d 1096, 1099 (Wyo.1999). A record that reveals neither what the evidence was on a particular issue, nor whether the district court considered that evidence, does not meet that burden.

### CONCLUSION

[¶ 13] Based upon the appellate record, this Court cannot say that the district court abused its discretion in awarding custody of the parties' children to the appellee. Affirmed.