2005 WY 147

**Vernon Roy McELWAIN, Appellant (Defendant),**

v.

**Judy Ann McELWAIN, nka Judy Ann Mac, Appellee (Plaintiff).**

No. 05–32.

Supreme Court of Wyoming.

Nov. 22, 2005.

Representing Appellant: Vernon R. McElwain, pro se.

Representing Appellee: James A. Hardee, Douglas, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, and BURKE, JJ., and PERRY, D.J.

BURKE, Justice.

[¶ 1] Vernon Roy McElwain challenges an Order Entering Judgment and Modifying Decree issued by the district court. Mr. McElwain claims the district court erred by entering a judgment for the unpaid balance of a mortgage debt because the debt was extinguished when the property was refinanced. Alternatively, Mr. McElwain contends the district court erred by failing to credit him for prior payments made toward the debt. Mr. McElwain also claims the court erred in entering a judgment for delinquent child support because the minor child was emancipated. We affirm.

## ISSUES

[¶ 2]  We restate the issues as follows:

1.  Was the district court's judgment regarding the mortgage debt erroneous?
2.  Did the district court err in awarding delinquent child support because the minor child was emancipated?

## FACTS

[¶ 3]  The parties were divorced on June 13, 1998. The decree required Mr. McElwain to pay one-half of the mortgage debt owed on the residence retained by Mrs. McElwain and child support for the parties' minor child.[1]  From the date of the divorce

---

1.  The mortgage provision of the decree provides:

    8.  [Mr. McElwain] shall pay and indemnify and hold [Mrs. McElwain] harmless from the following liabilities:

    . . .

    b) One half (1/2) of Mortgage debt (est. at $20,000.00 each) to Converse County Bank, said payment in the sum of $210.00 per month shall be paid by the Defendant to the Plaintiff on or before the 1st day of each month through the Clerk of the District Court, P.O. Box 189, Douglas, Wyoming 82633–0189.

    The child support provision of the decree provides:

    2.  That [Mr. McElwain] shall pay to the Clerk of the District Court, . . . the sum of Two Hundred Sixty-five and no/100 Dollars ($265.00) per month for the minor child, . . ., beginning June 10, 1998, and continuing on the 1st day of each month thereafter until said minor child reaches the age of

through December 2003, Mr. McElwain made payments on both obligations as ordered. In January 2004, Mrs. McElwain refinanced the mortgage debt. That same month, Mr. McElwain ceased making his portion of the mortgage payment. Mr. McElwain also stopped making his child support payments in March 2004.

[¶ 4] Mrs. McElwain filed a Motion for Order of Contempt premised upon the following grounds:

1. That the Defendant, VERNON ROY McELWAIN, has failed and refused to pay Plaintiff child support in the sum of $265.00 for the months of March through July 2004. . . .

2. That pursuant to paragraph 8 b) of the decree of divorce entered herein, Defendant was to pay and hold Plaintiff harmless from one-half of the then existing mortgage by payment of one-half [of] the mortgage payment in the sum of $210.00 per month, which Defendant paid until January of 2004.

3. That as of January 2004 Plaintiff had refinanced the debt and removed the Defendant from his obligation to the Bank, but did not terminate his obligation to pay the amount set forth in said decree to be paid to Plaintiff in order to hold her harmless from said indebtedness.

4. That as of January 2004 the principal amount due and owing upon said indebtedness was $42,388.00, one-half of which is Defendant's obligation to pay in the sum of $21,194.00, together with interest accruing at the rate of 7.825 percent per annum.

5. That [$]45.99 per payment of the sum of $210.00 paid by the Defendant to January 2004 was for escrowed taxes and insurance, which are part and parcel of the mortgage debt, and which costs Defendant should continue to pay until the debt to Plaintiff is satisfied.

An order to show cause was issued on July 16, 2004. Mr. McElwain in his *pro se* response alleged:

> majority, is married, self-supporting, or otherwise emancipated. The parties agree and the Court finds that the foregoing support amount falls substantially with the guidelines

1. Child Support was paid to the Court through February 2004 as ordered. March 2004 child support was sent directly to [the child]. Judy McElwain demanded [the child] to turn over the child support to her of which [the child] told me he did. $265.00. The reason I chose to pay [him] the child support for March was he moved out of Judy McElwain's home after completing his required classes for graduation in January 2004.[He] moved to Sheridan Wyoming to live with an older brother and work full time. [He] was making a vehicle payment, motorcycle payment, vehicle insurance and etc. With these circumstances I believed this would constitute emancipation per Decree of Divorce dated June 15, 1998, Page 3 # 2. I do not believe I owe Judy McElwain any back child support.

2. Mortgage Payment. . . . . This mortgage was a result of consolidation of several debts incurred by Judy McElwain and myself including Judy's credit cards, Judy's son Dax McCarty's vehicle, joint credit cards, monies to remodel Judy's house, pay off 1994 Toyota Camery (which Judy received in the divorce), two $1000 CD's which one was used to buy 1980's Ford Pickup for my use. These debts were incurred jointly but not equally.

Divorce Decree reads ½ of mortgage est. $20,000.00. I paid $210 from June 1998 through February 2004 which is 69 payments equal $14,490.00. It was not stated that part of any payment went to taxes and insurance and I was never given a statement. I believe any loan is set up with part of the payments going toward taxes and insurance. If payments were $420.00 then over half of the original would have been paid off. It is my understanding that Judy McElwain refinanced the home for improvements. What was the loan balance at that time? I do not feel I should be held liable for extra monies Judy McElwain received for a new loan. Judy McElwain was allowed to use the interest

> established in W.S. 20–6–304, as amended. Upon [the minor child] reaching the age of majority (July 24, 2004) child support shall terminate.

each year from 1998 thru 2003 for tax purposes even though I was suppose to be paying half the mortgage payment. It is my understanding that Judy McElwain has sold this home.

[¶ 5] A hearing was held on October 11, 2004. Both parties attended, but no record was made. The district court entered its order on November 10, 2004. The court declined to hold Mr. McElwain in contempt; however, judgment was entered against Mr. McElwain for his unpaid portion of the mortgage indebtedness in the amount of $21,194.00 and for delinquent child support in the amount of $675.00. The court made no specific finding concerning emancipation. This appeal followed.

## STANDARD OF REVIEW

■ [¶ 6] We have previously stated our standard of review governing domestic relations contempt cases:

> "[W]e will not disturb the decision of the trial court ... in the absence of some serious procedural error, a violation of a principle of law, or a clear and grave abuse of discretion."

> "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. We must determine whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious."

*Erhart v. Evans*, 2001 WY 79, ¶ 11, 30 P.3d 542, 545 (Wyo.2001) (internal citations omitted). As the appellant, Mr. McElwain is required to provide this Court with a sufficient record to allow proper evaluation of the trial court's decision. *Beeman v. Beeman*, 2005 WY 45, ¶ 10, 109 P.3d 548, 551 (Wyo. 2005).

## DISCUSSION

### A. Mortgage Indebtedness

■ [¶ 7] Mr. McElwain's chief complaint is that any judgment against him for the mortgage debt was erroneous. He claims he is no longer obligated to pay any portion of the mortgage debt because the property was refinanced by Mrs. McElwain.

[¶ 8] We addressed a similar situation in *Roe v. Roe*, 742 P.2d 203 (Wyo.1987). *Roe* involved a post-divorce dispute regarding an obligation to pay an outstanding mortgage. Mr. Roe agreed to pay a portion of the mortgage indebtedness, in monthly installments of $250.00. *Id.* at 203. The terms of the settlement agreement also allowed Mr. Roe to prepay his obligation at any time.[2] *Id.* at 204. Mrs. Roe subsequently sold the property and paid the entire mortgage debt from the sale proceeds. Mr. Roe ceased making his monthly payments contending his responsibility was discharged upon the sale of the property. We disagreed. In making our determination, we reviewed the Roe's agreement and found that Mr. Roe's assumed debt was not subject to Mrs. Roe's retention of the property or dischargeable by her prepayment of the entire debt. *Id.* In essence, we concluded that Mr. Roe had a "right to prepay, but not an opportunity to be excused" from the obligation. *Id.* at 205.

[¶ 9] The same analysis applies in this case. Mr. McElwain was ordered to pay one-half of the mortgage debt directly to Mrs. McElwain. The decree permitted Mr. McElwain to pay his portion of the indebtedness in installments of $210.00 per month. Nothing in the divorce decree provides for this debt to be extinguished upon refinancing and Mr. McElwain points us towards no authority to support his position. Furthermore, the decree awarded ownership of the property to Mrs. McElwain and authorized her to "mortgage, sell, pledge or otherwise deal in such property...." The provisions of the decree did not condition Mr. McElwain's obligation to Mrs. McElwain upon the existing financing or her continued ownership of

**2.** If this option was exercised, the amount owed by Mr. Roe would be calculated at 32% of the unpaid principal balance of the note. *Id.* at 204.

the residence. As we stated in *Roe*, "[p]repayment by one ... does not vacate [the] payment obligation of the other...." *Roe*, 742 P.2d at 204.

[¶ 10] Alternatively, Mr. McElwain appears to challenge the amount of the judgment. Mr. McElwain claims the decree capped his total obligation for the mortgage at $20,000.00. He denies responsibility for any additional amounts for interest or other costs normally associated with a mortgage. Mr. McElwain contends he has paid approximately $14,490.00 and the judgment for $21,194.00 fails to account for his past payments. We disagree.

[¶ 11] Pursuant to the decree, Mr. McElwain was ordered to pay "[o]ne half (1/2) of [the] Mortgage debt (est. at $20,000.00 each)...." The divorce decree did not specifically exclude interest or the payment of other costs associated with the mortgage debt. The outstanding mortgage debt at the time of refinancing in January 2004 was $42,388.00.[3] The judgment entered by the court, $21,194.00, is one half of that amount. Furthermore, the contempt hearing was not recorded and no statement of the evidence was filed by either party pursuant to W.R.A.P. 3.03.[4] Because the record is insufficient, we must assume the district court correctly applied Mr. McElwain's prior payments to the outstanding mortgage balance. "In the absence of anything to refute [the trial court's findings], we will sustain [them], and we assume that the evidence presented was sufficient to support those findings." *Beeman*, ¶ 10. Accordingly, we find no error by the trial court in entering its judgment concerning the mortgage debt.

### B. Emancipation

[¶ 12] In his second issue, Mr. McElwain claims the district court improperly entered a judgment for delinquent child support. Mr. McElwain contends he provided ample evidence to the district court to support his claim that his son was emancipated, thus terminating his support obligation. In Wyoming, emancipation is recognized under both statutory and common law. *Garver v. Garver*, 981 P.2d 471, 474 (Wyo.1999). "A declaration of emancipation shall be conclusive evidence that the minor is emancipated" and emancipation "may also be proved by other evidence like any other fact." Wyo. Stat. Ann. § 14–1–203(f) (LexisNexis 2005). Mr. McElwain does not contend that a declaration of emancipation exists to establish emancipation. Additionally, he has failed to provide us with an adequate record to support his claim that sufficient evidence was presented to establish emancipation. Absent a sufficient record, we must assume that sufficient evidence exists to support the trial court's implicit finding that the child was not emancipated. *Beeman*, ¶ 10.

[¶ 13] Based upon the foregoing, we affirm the decision of the district court.

---

3. Plaintiff's exhibit one contains the amortization schedule reflecting application of monthly mortgage payments to the original mortgage debt. The exhibit reflects little reduction in principal because the monthly payments were first applied to pay accrued interest.

4. W.R.A.P. 3.03 states:
   If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means including appellant's recollection. The statement shall be served on appellee, who may serve objections or propose amendments within 15 days after service. The statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be included by the clerk of the trial court in the record on appeal.