# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 77

### APRIL TERM, A.D. 2014

### June 13, 2014

RAYMOND ANTHONY DERRERA,

Appellant
(Defendant),

v.                                                     S-13-0174

THE STATE OF WYOMING,

Appellee
(Plaintiff).

---

*Appeal from the District Court of Natrona County*
*The Honorable Catherine E. Wilking, Judge*

*Representing Appellant:*
Raymond A. Derrera, *pro se*.

*Representing Appellee:*
Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Caitlin F. Young, Assistant Attorney General.

*Before KITE, C.J., and HILL, BURKE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**Fox, Justice.**

[¶1]   Raymond Derrera pled guilty to the charge of driving while under the influence of alcohol (DWUI), his fourth such offense in ten years.  Mr. Derrera was convicted of a felony under the law providing that a fourth DWUI offense within ten years is a felony subject to sentence enhancement.  He now appeals his felony sentence enhancement, contending that two prior DWUI convictions relied on by the district court were not constitutionally obtained and therefore should not have been relied upon for purposes of enhancing his sentence.  We affirm.

## *ISSUES*

[¶2]   1.   Does Mr. Derrera's 2007 conviction, in which he pled guilty without counsel, constitute a violation of his Sixth Amendment right to counsel?

2.   Did the district court subject Mr. Derrera to double jeopardy when it reinstated Mr. Derrera's 2009 DWUI after dismissing the case with prejudice?

## *FACTS*

[¶3]   On June 19, 2012, Mr. Derrera drove with a blood alcohol concentration of 0.16%.  The State charged him with one count of driving under the influence of alcohol with a blood alcohol level of 0.08% or greater.  This was Mr. Derrera's fourth offense within the previous ten years, making it a felony under Wyo. Stat. Ann. § 31-5-233(e) (LexisNexis 2013).[1]  Mr. Derrera pled not guilty at his arraignment on August 30, 2012.

[¶4]   On January 23, 2013, Mr. Derrera filed a Motion to Strike Two of Four Prior Convictions for Enhancement Purposes Thereby Reducing DWUI Charge From Felony to Misdemeanor.  Specifically, his motion challenged his prior DWUI convictions in CR-2006-3226 and CR-2009-2891.

[¶5]   In CR-2006-3226, Mr. Derrera was charged with misdemeanor DWUI for events occurring on November 3, 2006.  On January 12, 2007, he entered into a plea agreement with the State, acknowledged that he wished to proceed without counsel, and pled guilty *pro se*.  The circuit court set the sentencing hearing for March 7, 2007, and subsequently reset it to March 26, 2007.  Mr. Derrera did not appear for the sentencing hearing on

---

[1] Wyo. Stat. Ann. § 31-5-233(e) provides in part:

> On a fourth offense resulting in a conviction or subsequent conviction within ten (10) years for a violation of this section or other law prohibiting driving while under the influence, he shall be guilty of a felony and fined not more than ten thousand dollars ($10,000.00), punished by imprisonment for not more than seven (7) years, or both.

1

March 26, and the court issued a bench warrant for his arrest. Mr. Derrera was arrested on August 21, 2007. He appeared in court the next day, and was sentenced to six months imprisonment. At his sentencing, Mr. Derrera stated that he was represented by counsel. The court responded that there was nothing in the file to indicate this, and proceeded with sentencing.

[¶6] On October 29, 2007, counsel for Mr. Derrera filed a Motion to Vacate Judgment and Sentence, arguing that Mr. Derrera's constitutional right to counsel was denied when he was sentenced without his counsel present. The motion was denied at a December 5, 2007 hearing, where Mr. Derrera's retained counsel was present.

[¶7] In 2009, Mr. Derrera was again charged with misdemeanor DWUI. The case proceeded to a jury trial on May 19, 2009. At trial, Mr. Derrera's counsel objected to the State's expert witness because the State had not provided Mr. Derrera with the expert's curriculum vitae. The judge, *sua sponte*, declared a mistrial and ordered the State to request another setting for trial within two weeks. Two weeks elapsed without any action by the State. On June 8, 2009, Mr. Derrera's counsel filed a Motion to Dismiss and Assessment of Public Defender Fees. The next day, the circuit court granted the motion and dismissed the case with prejudice. In its order dismissing the case, the court wrote:

> THE COURT FINDS, that the State having failed to comply with the Court's May 19th 2009 order setting a deadline of June 1, 2009 for them to file a setting for retrial in this matter, her[e]by dismisses the aforementioned case with prejudice.

> THE COURT FURTHER FINDS that [Mr. Derrera] has been prejudiced in this matter to such a degree that no other options are available to the Court absent a dismissal with prejudice.

> . . . .

> NOW, THEREFORE IT IS ORDERED that the above-entitled matter shall be, and the same hereby is, Dismissed with Prejudice.

[¶8] Two months later, on August 6, 2009, the State filed a Motion to Vacate Order Dismissing Case. The State argued that it was denied an opportunity to be represented at the dismissal hearing because it was never provided with a copy of the motion and order to dismiss. They attributed this to a clerical error by the clerk of court under W.R.Cr.P. 36. In response, on September 4, 2009, Mr. Derrera's counsel filed a Motion to Dismiss Based on Violation of Double Jeopardy Provisions of Wyoming and United States

Constitutions. The circuit court held a hearing on both motions on September 21, 2009. At the hearing, the court reversed its order to dismiss with prejudice, allowing the State two weeks from September 21, 2009, within which to refile the misdemeanor DWUI charge. On October 2, 2009, the State refiled the charge in docket number CR-2009-2891. Mr. Derrera ultimately entered a guilty plea in that action.

[¶9] On October 16, 2009, Mr. Derrera's counsel filed a Petition for a Writ of Interlocutory Review of Order, or in the Alternative, Petition for a Writ of Certiorari. The district court issued its Order Denying Petition for Writ of Review on November 5, 2009, citing a failure to comply with Wyoming Rules of Appellate Procedure, Rule 13.03,[2] as well as failing to provide sufficient support to grant a writ pursuant to Rule 13.02.[3] Mr. Derrera did not appeal.

[¶10] During the change of plea hearing for the DWUI charge now before us, Mr. Derrera raised concerns over the 2007 and 2009 DWUI convictions. The district court reminded Mr. Derrera that by pleading guilty, he could be pleading to a felony if he had the required number of prior DWUI convictions within the specified period of time. Mr. Derrera chose to plead guilty and the court found that his plea was knowing and voluntary.

[¶11] The district court then heard argument on Mr. Derrera's Motion to Strike Two of Four Prior Convictions for Enhancement Purposes Thereby Reducing DWUI Charge From Felony to Misdemeanor. The court ruled that because Mr. Dererra had not appealed his earlier convictions, they could not be overturned, and it was therefore permissible to consider them for enhancement. Accordingly, the court enhanced Mr. Derrera's conviction to a felony, sentencing him to 16 to 24 months in the state penitentiary. Mr. Derrera timely filed his *pro se* appeal.

[¶12] Mr. Derrera does not challenge his two other prior DWUI convictions.

---

[2] W.R.A.P. 13.03(a) states, "[a] petition for a writ of review must be filed with the reviewing court within 15 days after entry of the order from which relief is sought." Mr. Derrera's petition was filed 25 days after the September 21, 2009 order of the court.

[3] W.R.A.P. 13.02 provides,

> [a] writ of review may be granted by the reviewing court to review an interlocutory order of a trial court in a civil or criminal action, or from an interlocutory order of an administrative agency, which is not otherwise appealable under these rules, but which involves a controlling question of law as to which there are substantial bases for difference of opinion and in which an immediate appeal from the order may materially advance resolution of the litigation.

*STANDARD OF REVIEW*

[¶13]  We have held that a defendant may challenge prior convictions when they are used for purposes of sentence enhancement, under certain circumstances.

> When a defendant challenges a conviction underlying a finding that he is a habitual traffic offender, he must make a prima facie showing that one or more of the underlying convictions was constitutionally invalid.  A prima facie showing is one which would permit the court to find that one or more of the traffic offense convictions essential to the order of revocation was not obtained in accordance with the defendant's constitutional rights.  Once the defendant makes this showing, the prosecution must establish by a preponderance of the evidence that the conviction was constitutionally obtained.

*City of Laramie v. Cowden*, 777 P.2d 1089, 1091 (Wyo. 1989) (citations omitted) (quoting *People v. Swann*, 770 P.2d 411, 412 (Colo. 1989)).  We review constitutional questions *de novo*.  *Smith v. State*, 2009 WY 2, ¶ 52, 199 P.3d 1052, 1067-68 (Wyo. 2009).

[¶14]  We do not have the complete record in the 2007 and 2009 proceedings.  We have previously stated, "[i]t is the appellant's burden to bring a complete record to this Court" for review.  *Painovich v. Painovich*, 2009 WY 116, ¶ 9, 216 P.3d 501, 504 (Wyo. 2009) (citing *Beeman v. Beeman*, 2005 WY 45, ¶ 10, 109 P.3d 548, 551 (Wyo. 2005)).  For the purposes of this appeal, we only consider those facts contained in the record presented to us by Mr. Derrera.

*DISCUSSION*

## I.  Does Mr. Derrera's 2007 conviction, in which he pled guilty without counsel, constitute a violation of his Sixth Amendment right to counsel?

[¶15]  Mr. Derrera contends that his 2007 DWUI conviction cannot be used for felony enhancement purposes because he did not validly waive his right to counsel during his plea hearing or sentencing.[4]

---

[4] Mr. Derrera alleges that he was deprived of his Sixth Amendment right to counsel at the sentencing stage of the case following the plea hearing where he was convicted.  Whether Mr. Derrera may have been deprived of his right to counsel at his sentencing does not address the constitutionality of his *conviction*, which is the focus of our inquiry concerning the validity of his felony enhancement under Wyo. Stat. Ann. § 31-5-233(e).  *Cowden*, 777 P.2d at 1091 (Defendant "must make a prima facie showing

4

[¶16]   The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. amend. VI.  In *Gideon v. Wainwright*, 372 U.S. 335, 339-40, 83 S.Ct. 792, 794, 9 L.Ed.2d 799 (1963), the United States Supreme Court held that the Fourteenth Amendment incorporates the Sixth Amendment right to counsel, and accordingly requires states to make appointed counsel available to indigent defendants in all "criminal prosecutions."[5] This Court has further articulated that the right to counsel is not just for trials, but applies to all "critical stages" in which the substantial rights of the accused may be affected. *Duffy v. State*, 837 P.2d 1047, 1052 (Wyo. 1992) (citing *United States v. Wade*, 388 U.S. 218, 227, 87 S.Ct. 1926, 1932, 18 L.Ed. 2d 1149 (1967)); *Nelson v. State*, 934 P.2d 1238, 1240 (Wyo. 1997).  Because of the clear, substantial rights implicated in pleading guilty, we find that a plea hearing is indeed a "critical stage" of criminal proceedings, and therefore the right to counsel attaches.  *See Duffy*, 837 P.2d at 1052 (A proceeding is "critical" if "[t]he defendant makes some sort of admission against penal interest, loses a potential defense, or **furnishes a plea of guilty** or *nolo contendere*."  (Emphasis added.)).

[¶17]   The Sixth Amendment, however, also guarantees the right of every citizen to proceed without counsel and to conduct his own defense.  *Faretta v. California*, 422 U.S. 806, 832, 95 S.Ct. 2525, 2539-40, 45 L.Ed.2d 562 (1975).  "A criminal defendant may waive his right to counsel so long as the . . . court ensures that it is 'an intentional relinquishment or abandonment of a known right or privilege.'"  *Vargas v. State*, 963 P.2d 984, 989-90 (Wyo. 1998) (quoting *United States v. Willie*, 941 F.2d 1384, 1388 (10th Cir. 1991)).

[¶18]   During the plea hearing, Mr. Derrera exercised his Sixth Amendment right to represent himself, waiving his right to counsel.  We first determine whether the defendant's waiver was voluntary when deciding whether a defendant has entered a valid waiver of counsel.  *Bolin v. State*, 2006 WY 77, ¶ 31, 137 P.3d 136, 146 (Wyo. 2006).  If we conclude the waiver was voluntary, we next look to whether the defendant waived the right knowingly and intelligently.  *Id.*  "A waiver of the right to counsel is knowing and intelligent if the record shows the defendant senses the magnitude of his undertaking and the risks inherent in proceeding *pro se*."  *Craft v. State*, 2011 WY 142, ¶ 11, 262 P.3d 1253, 1256 (Wyo. 2011) (citing *Trujillo v. State*, 2 P.3d 567, 571 (Wyo. 2000)).  We have stated that, "[i]deally, the trial judge should conduct a thorough and comprehensive formal inquiry of the defendant on the record to demonstrate that the defendant is aware of the nature of the charges, the range of allowable punishments and possible defenses,

---

that one or more of the underlying **convictions** was constitutionally invalid." (Emphasis added.)); *see Schiro v. Summerlin*, 542 U.S. 348, 353, 124 S.Ct. 2519, 2523, 159 L.Ed.2d 442 (2004) (sentencing considerations are divorced from considerations of guilt or innocence).

[5] Article 1, section 10 of the Wyoming Constitution provides for the right to counsel in criminal prosecutions and tracks the federal constitutional provision. *Duffy v. State*, 837 P.2d 1047, 1052 (Wyo. 1992).

and is fully informed of the risks of proceeding *pro se*." *Van Riper v. State*, 882 P.2d 230, 234 (Wyo. 1994) (quoting *Willie*, 941 F.2d at 1388).

[¶19]  The record shows that when Mr. Derrera entered his *pro se* guilty plea, he signed a statement of his constitutional rights, which, among other things, advised him of his right to counsel.  The hearing transcript also indicates that the presiding judge diligently reviewed Mr. Derrera's constitutional rights, specifically his right to the advice of an attorney, prior to accepting his guilty plea.  Mr. Derrera stated that he would proceed without counsel.  Furthermore, Mr. Derrera indicated the voluntary nature of his plea when he responded in the negative to the following questions: "Did anybody promise you anything to get you to plead guilty?" and "Did anybody force or coerce you to plead guilty?"  We find that the trial judge's colloquy met the plea advisement requirements of W.R.Cr.P. 11(b),[6] and furthermore offers us a sound factual basis for concluding that Mr. Derrera knowingly, voluntarily, and intelligently waived his right to counsel.

[¶20] Mr. Derrera further argues he was the victim of unfair bartering with the prosecutor at the preliminary hearing, agreeing to plead guilty to allow him to return home immediately, without jail time.  He suggests that this was coercive despite not having made an objection at the time of the plea.  Mr. Derrera's regret over his decision presents an insufficient reason to revisit and revise the 2007 conviction.  His hindsight does not change the fact that at the time of the plea hearing, he waived his right to counsel and entered a guilty plea knowingly, voluntarily, and intelligently.

---

[6] W.R.Cr.P. 11(b) sets forth the advisements that must be given to an unrepresented defendant before acceptance of a guilty plea, in relevant part, as follows:

> (b)  *Advice to Defendant*. — [B]efore accepting a plea of guilty or nolo contendere to a felony or to a misdemeanor when the defendant is not represented by counsel, the court must address the defendant personally in open court and, unless the defendant has been previously advised by the court on the record and in the presence of counsel, inform the defendant of, and determine that the defendant understands, the following:

>> (1)  The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law and other sanctions which could attend a conviction including, when applicable, the general nature of any mandatory assessments (such as the surcharge for the Crime Victim Compensation Account), discretionary assessments (costs, attorney fees, restitution, etc.) and, in controlled substance offenses, the potential loss of entitlement to federal benefits.

6

[¶21] Because of the procedurally and constitutionally sound methods by which Mr. Derrera waived his counsel and entered his guilty plea, we find that Mr. Derrera has failed to meet his prima facie burden and we find no basis to disturb the 2007 conviction.

## 2. *Did the district court subject Mr. Derrera to double jeopardy when it reinstated Mr. Derrera's 2009 DWUI after dismissing the case with prejudice?*

[¶22] Mr. Derrera argues his 2009 conviction is invalid because the district court lost jurisdiction to reinstate the case after it had already been dismissed with prejudice. He argues that reinstating his case violated the double jeopardy protections of the Fifth and Fourteenth Amendments.

[¶23] The Fifth Amendment to the United States Constitution and article 1, section 11 of the Wyoming Constitution protect a person from twice being put in jeopardy of prosecution, conviction, or punishment for the same criminal offense. Though the two provisions differ in language, this Court has stated, "they have the same meaning and are co-extensive in application." *Landeroz v. State*, 2011 WY 168, ¶ 17, 267 P.3d 1075, 1080 (Wyo. 2011) (quoting *Tucker v. State*, 2010 WY 162, ¶ 41, 245 P.3d 301, 311 (Wyo. 2010)). Furthermore, we have said that the double jeopardy provisions of both Constitutions provide an accused three protections: "1) protection against a second prosecution for the same offense following an acquittal; 2) protection against a second prosecution for the same offense after a conviction; and 3) protection against multiple punishments for the same offense." *Id*. (citing *Vigil v. State*, 563 P.2d 1344, 1350 (Wyo. 1977)). "The protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Landeroz*, 2011 WY 168, ¶ 19, 267 P.3d at 1080 (citing *Richardson v. United States*, 468 U.S. 317, 325, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984)). "For double jeopardy to bar re-trial in a case where the district court grants a defense motion for a mistrial based upon prosecutorial misconduct, the defense must show prosecutorial intent to goad the defense into moving for a mistrial." *State v. Newman*, 2004 WY 41, ¶ 21, 88 P.3d 445, 452-53 (Wyo. 2004) (citing *Oregon v. Kennedy*, 456 U.S. 667, 676, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982)). Here, the trial court declared a mistrial in response to Mr. Derrera's objection. There is nothing to indicate a prosecutorial intent to goad the defense into moving for a mistrial, and therefore the constitutional protection against double jeopardy is not implicated.

[¶24] With respect to the State's failure to timely refile, our limited record indicates that the State was not provided a copy of the motion and order to dismiss, and therefore was not provided an opportunity for a hearing on the motion.[7]

---

[7] W.R.Cr.P. 49(a) provides in part, "written notices and similar papers shall be served upon each of the parties."

[¶25] The Wyoming Rules of Criminal Procedure do not specifically address the re-opening of a case following dismissal with prejudice.[8] Nevertheless, the State points us to W.R.Cr.P. 36, which provides, "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Furthermore, W.R.C.P. 60(b), by way of W.R.Cr.P. 1(a),[9] allows "[o]n motion . . . the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake . . . (6) any other reason justifying relief from the operation of the judgment." Under both W.R.Cr.P. 36 and W.R.C.P. 60(b), a failure to provide the State with a proposed motion and order constituted a mistake, allowing the lower court to re-open the matter and re-rule on the issue.

[¶26] Because Wyoming's procedural rules support the actions taken by the district court in reinstating Mr. Derrera's 2009 DWUI, we find that Mr. Derrera has failed to make a prima facie showing that his 2009 DWUI conviction was unconstitutionally obtained.

## *CONCLUSION*

[¶27] We find that Mr. Derrera's underlying convictions were constitutionally obtained, and we therefore affirm his enhanced sentence.

---

[8] It has not been established whether the trial court has inherent authority to dismiss a criminal case with prejudice. *See State v. Naple*, 2006 WY 125, ¶¶ 16-19, 143 P.3d 358, 363-64 (Wyo. 2006). We do not address that question here because the case was reinstated.

[9] W.R.Cr.P. 1(a) provides, "[i]n the event that a procedure is not established by these rules, the Wyoming Rules of Civil Procedure shall govern."