The **PEOPLE** of the State of Colorado, Plaintiff–Appellant,

v.

Robert Edward **SWANN** and the District Court within and for the Twenty–Second Judicial District of the State of Colorado, and the Honorable Grace Merlo, Judge Thereof, Defendants–Appellees.

No. 87SA451.

Supreme Court of Colorado, En Banc.

March 20, 1989.

Dean J. Johnson, Dist. Atty., Jeffrey D. Easley, Deputy Dist. Atty., Cortez, for plaintiff-appellant.

David F. Vela, State Public Defender, Jonathan S. Willett, Deputy State Public Defender, Denver, for defendant-appellee Robert Edward Swann.

ROVIRA, Justice.

In this appeal, the People challenge the district court's ruling that two prior traffic convictions could not be used in defendant's prosecution for driving after revocation prohibited. We reverse and remand to the district court for further proceedings consistent with the views stated herein.

On October 22, 1986, the defendant, Robert Edward Swann, was stopped for speeding and crossing the center line. At the time of the stop, Swann was not licensed to drive. Swann was charged with, among other things, driving after revocation prohibited, pursuant to section 42–2–206(1), 17 C.R.S. (1988 Supp.).[1] Swann had previously been found to be a habitual traffic offender, pursuant to section 42–2–202, 17 C.R.S. (1984),[2] and his license had been revoked on November 24, 1980, pursuant to section 42–2–203, 17 C.R.S. (1984).

Swann collaterally attacked the guilty pleas to the traffic offenses underlying his habitual traffic offender conviction which was the basis for the revocation of his license in 1980. The three traffic offenses underlying his habitual traffic offender conviction occurred in 1977, 1978, and 1980. Swann attempted to obtain transcripts of the 1977 and 1978 proceedings to show that his guilty pleas were made involuntarily. However, he was unable to obtain them. Swann submitted several exhibits in support of his motion, including a transcript of his guilty plea in the 1980 conviction for driving while ability impaired, and a letter stating that transcripts of the 1977 and 1978 proceedings were unavailable.

Relying on the letter and the arguments of counsel, the trial court ruled that the 1977 and 1978 convictions could not be used to support a finding that Swann was a habitual traffic offender. Therefore, no finding could be made that Swann was a habitual traffic offender to support the charge of driving after revocation prohibited. No ruling was made regarding the constitutionality of Swann's guilty plea in the 1980 driving while ability impaired conviction.

Our decisions have established that a defendant charged with driving after revocation prohibited "may attack the constitutional validity of traffic offense convictions which establish the basis for the defendant's habitual traffic offender status." *People v. Roybal*, 618 P.2d 1121, 1124 (Colo.1980). When a defendant challenges a conviction underlying a finding that he is a habitual traffic offender, he must make a prima facie showing that one or more of the underlying convictions was constitutionally invalid. *People v. Shaver*, 630 P.2d 600, 605 (Colo.1981). A prima facie showing is one which would permit the court to find that one or more of the traffic offense convictions essential to the order of revocation was not obtained in accordance with the defendant's constitutional rights. *See id.* at 605. Once the defendant makes this showing, the prosecution must establish by a preponderance of the evidence that the conviction was constitutionally obtained. *Id.* at 605–06.

Here, Swann did not testify and presented no evidence that the 1977 and 1978 convictions underlying the habitual traffic offender finding were obtained unconstitutionally. The trial court based its conclusion that the 1977 and 1978 convictions were obtained unconstitutionally on the letter stating that the transcripts of these convictions were unavailable. The record, therefore, does not support the trial court's

---

1. Section 42–2–206(1), 17 C.R.S. (1988 Supp.), provides in pertinent part:

   It is unlawful for any person to operate any motor vehicle in this state while the revocation of the department prohibiting the operation remains in effect. Any person found to be a habitual offender, who is thereafter convicted of operating a motor vehicle in this state while the revocation of the department prohibiting such operation is in effect, is guilty of a class 5 felony and shall be punished as provided in section 18–1–105, C.R.S.;

   except that a minimum sentence to imprisonment shall be mandatory....

   To avoid confusion with other habitual offender statutes, we will hereinafter refer in this context to a "habitual offender" as a "habitual traffic offender."

2. Section 42–2–202, 17 C.R.S. (1984), defines a habitual traffic offender as any person who has accumulated during a seven year period three or more convictions for certain separate and distinct offenses.

ruling that the 1977 and 1978 convictions cannot be used to support the finding that Swann was a habitual traffic offender.

Swann argues that the record as a whole reveals that the habitual traffic offender violation was improperly entered. Specifically, Swann asserts that we should affirm because the record reveals that his 1980 guilty plea to driving while ability impaired is constitutionally infirm. We decline to make that finding.

We believe the appropriate procedure is to remand the case to the trial court for additional evidence relative to the validity of the three traffic offense convictions underlying the habitual offender conviction. *See People v. Shaver*, 630 P.2d 600, 606 (Colo.1981). Accordingly, we reverse and remand to the trial court for further proceedings consistent with this opinion.