CITY OF LARAMIE, Petitioner,

v.

Freddie COWDEN, Respondent.

No. 88–329.

Supreme Court of Wyoming.

July 12, 1989.

Philip Nicholas, John M. Burman and Jane H. Juve of Corthell and King, Laramie, for petitioner.

Tony S. Lopez of Zimmers and Lopez, Laramie, for respondent.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY, and GOLDEN, JJ.

URBIGKIT, Justice.

This court granted a writ of certiorari to the Second Judicial District Court, Albany County, Wyoming, to consider issues raised by its reversal of a municipal court mandatory jail sentence for driving while under the influence with enhancement from a prior conviction. The specific issues presented in the Order Granting Writ of Certiorari include:

1. Whether the trial court erred in imposing a mandatory jail term pursuant to Laramie Ordinance 10.24.030(A) and Wyo.Stat. § 31–7–102(a)(i) when there was no evidence that the defendant's prior conviction was counseled.

2. Whether the district court erred in failing to conclude that defendant failed to timely file a motion stating with specificity the defendant's basis for claiming that he was deprived of his constitutional rights at the time of the prior conviction and that defendant waived his right to object to the constitutionality of the prior conviction by failing to timely raise the issue pursuant to Laramie City Ordinance 10.24.030(E).

3. Whether the district court erred in presuming that the prior conviction was constitutionally deficient, rather than presuming that the conviction was proper.

On March 7, 1987, in Eagle County, Colorado, respondent Freddie Cowden (Cowden)

was charged with a Colorado state offense of driving while under the influence. What court records exist for this appeal show no appearance for his advisement of constitutional rights since disposition of the offense occurred by his $600 commercial bond forfeiture upon non-appearance. On March 19, 1988, or about one year after the Colorado offense, Cowden was again arrested for driving while under the influence in Laramie, Albany County, Wyoming. He entered a plea of guilty following an earlier plea of innocence, and the municipal judge found that his current offense should be enhanced by the prior Colorado offense with assessed punishment to include a ten-day jail sentence. The propriety of the enhancement was contested in municipal court since the Colorado court record did not demonstrate that Cowden, after his citation, was counseled to forfeit the bond instead of appearing for arraignment or trial. As a matter of fact, it does not appear as to exactly how the $600 appearance bond was physically posted except that he had been arrested and then did not appear for "First Appearance/Advisement." His Colorado driving record reveals that this was not his only offense in that state.

Appeal was taken from the municipal court in Laramie to the district court where, with a comprehensive opinion decision, the district court reversed the municipal court on the basis that the Colorado records were silent as to counseled entry of a plea as constitutionally required for enhancement of a second offense under dictation of *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169, *reh'g denied* 447 U.S. 930, 100 S.Ct. 3030, 65 L.Ed.2d 1125 (1980). *See* J. Hingson, How to Defend a Drunk Driving Case ch. 3 at 79 (3d ed. 1988).

We reverse and reinstate the conviction and sentence of the municipal court.

Under Wyoming law and the Laramie city ordinance, it is clear that a driving while under the influence bond forfeiture if uncorrected will serve as a prior conviction for enhancement purposes upon conviction of a second driving while under the influence offense.[1] *See likewise Matter of Kovalsky*, 195 N.J.Super. 91, 477 A.2d 1295 (1984) and 1 D. Nichols, Drinking/Driving Litigation § 2:21 at 38 (1985). This case questions fitting the well-accepted standard of counseled plea requirement of *Baldasar* into these non-appearance bond forfeiture facts. Presented is the dilemma of the "don't appear/cannot be advised" observance.

In resolving this potential dilemma or arguable incongruity, the City of Laramie now argues that the constitutional right defense was waived by a notice requirement of the city ordinances. That provision delineates a ten-day notice before trial obligation as a prerequisite to raise any defense against any prior conviction to be used for sentence enhancement. The City of Laramie further argues that the burden of proof of counseled status of prior offense is on the accused, and finally that the bond forfeiture status differentiates this case from cases of a guilty plea or trial conviction where court appearance could and did occur. *Cf. Jones v. State*, 771 P.2d 154 (Nev.1989), determining no difference between a conviction entered upon a plea of not guilty or a plea of nolo contendere.

We will not consider the first contention with the complexities it would engender of mandatory notice before trial to antedating any constitutional challenge to the prior conviction. *Carson v. State*, 751 P.2d 1317 (Wyo.1988); *People v. Pronovost*, 773 P.2d 555 (Colo.1989); *People v. Hampton*, 696 P.2d 765 (Colo.1985); W.R.Cr.P. 16.1. *See also Parham v. State*, 79 Md.App. 152, 556 A.2d 280 (1989). The decision we make is dispositive and establishes a general principle of Wyoming law.

---

**1.** The present Wyoming statute provides in part: "Conviction" means a final conviction and shall include an unvacated forfeiture of bail or collateral deposited to secure a defendant's appearance in court, a plea of nolo conten-

dere accepted by the court, the payment of a fine, a plea of guilty or a finding of guilt for a traffic violation charge. W.S. 31–7–102(a)(iv).

 Since the burden of proof is directly contested, we will adopt for these driving while under the influence cases the standard which is well-established and presently enunciated:

> When a defendant challenges a conviction underlying a finding that he is a habitual traffic offender, he must make a prima facie showing that one or more of the underlying convictions was constitutionally invalid. *People v. Shaver,* 630 P.2d 600, 605 (Colo.1981). A prima facie showing is one which would permit the court to find that one or more of the traffic offense convictions essential to the order of revocation was not obtained in accordance with the defendant's constitutional rights. *See id.* at 605. Once the defendant makes this showing, the prosecution must establish by a preponderance of the evidence that the conviction was constitutionally obtained. *Id.* at 605–06.

*People v. Swann,* 770 P.2d 411, 412 (Colo. 1989).

Recitation of this general rule does not satisfy the bond forfeiture case where judicial informational source is unavailable about what advice, if any, was used by the charged driver when that person sacrificed the posted bond and chose not to appear, plead or contest.

 Again, another well-established principle of non-appearance is available for application. It is a well-defined rule of appellate practice that if the defendant escapes confinement during the process of his appeal, he has waived further consideration and the appeal can properly be dismissed. *Harris v. State,* 34 Wyo. 175, 242 P. 411 (1926); *Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377, *reh'g denied* 421 U.S. 921, 95 S.Ct. 1589, 43 L.Ed.2d 790 (1975); *United States v. Dorsey,* 819 F.2d 1055 (11th Cir.1987), *cert. denied* — U.S. —, 108 S.Ct. 2002, 100 L.Ed.2d 233 (1988); *People v. Anderson,* 39 Colo.App. 497, 566 P.2d 1369 (1977). Applying a synonymous thesis of waiver, which in actuality approaches a concept of impossibility, we discern that the judiciary cannot have a responsibility for notice to the defendant of his right to counsel unless the defendant appears and presents himself to receive the advice. Consequently, in cases where the defendant might meet his initial prima facie burden of showing that the underlying conviction may have been constitutionally invalid since his conduct was non-counseled, failure to appear to receive the advice constitutes a waiver of the right of advice and satisfies the burden that the conviction was constitutionally obtained.

We reverse and remand for reinstatement of the sentence entered by the Municipal Court of the City of Laramie.