2006 WY 43

**Juan Jose VALLE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 05–31.

Supreme Court of Wyoming.

April 12, 2006.

Representing Appellant: Ken Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel.

Representing Appellee: Patrick J. Crank, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Matthew D. Obrecht, Student Intern.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Mr. Valle appeals from an order denying his post-sentence motion to withdraw his guilty plea. He contends that the district court abused its discretion when it denied his motion without holding an evidentiary hearing. We affirm.

### ISSUE

[¶ 2] Did the district court err in denying Mr. Valle's motion to withdraw his guilty plea without a hearing?

### FACTS

[¶ 3] Mr. Valle was charged with three counts of possession of a controlled substance with intent to deliver in violation of Wyo. Stat. Ann. § 35-7-1031(a)(ii) (LexisNexis 2001). Pursuant to a plea agreement, he pled guilty to one count of possession with intent to deliver a controlled substance, marijuana, in exchange for dismissal of the other two charges. Before accepting Mr. Valle's plea, the district court made the necessary advisements in accordance with W.R.Cr.P. 11. Mr. Valle was also advised that his plea might have possible immigration consequences:

> [PROSECUTOR]: ... It's my understanding the defendant will plead guilty to Count III, would be sentenced to a term in the Wyoming State Penitentiary of three to five years with credit for time served. That time would be suspended. The defendant would be placed on supervised probation for a period of five years with the Department of Corrections here in Wyoming. The defendant would report to Probation and Parole within 24 hours after coming out of INS custody, or after he returns to the U.S. if, in fact, he is deported from the U.S.
>
> . . .
>
> And after the conclusion of today's proceedings, the defendant would be placed in the Park County Detention Center under an INS hold for further proceedings with that agency.
>
> . . .

[DEFENSE]: Your Honor, that's my understanding of the agreement. Of course, the probationary term mentioned by [the prosecutor] is contingent upon Mr. Valle actually being released by INS, and we don't know the outcome of that. But in that event, certainly we agree he would be placed on probation. Probably he would desire to continue to reside in Washington, if that's allowed, so that would be transferred or he would apply for a transfer. But I think he understands that in the event things work out and he is released by INS, that he would have to first report to the Wyoming office before that could be transferred. I think that was correctly stated by [the prosecutor].

. . .

[COURT]: And do you understand that the essence of the plea agreement is that you would be pleading guilty to Count III, and in exchange for that, then, the State would be dismissing Counts I and II? The recommendation to the Court with respect to Count III is that you would be sentenced to the Wyoming State Penitentiary for a term of not less than three years and not more than five years, and that you would also get credit on that sentence for any time you already have served on this matter.

That sentence to the Wyoming State Penitentiary would be suspended, and you would be placed on five years supervised probation if you either stay in the United States or return to the United States. In other words, if you are deported, while you're gone out of the country, you will not be on probation; but if you stay or if you return outside of the custody, of course, of the Immigration and Naturalization Service, then you would be on probation for that period of five years, and you would be required to report to the Park County [O]ffice of Probation and Parole within 24 hours.

The district court found a sufficient factual basis for the plea, determined that Mr. Valle was competent to enter his plea, and that his plea was knowing and voluntary.

[¶ 4] The district court accepted the plea and imposed the recommended sentence. The district court also ordered that Mr. Valle's probationary term would commence immediately if he remained in the United States for any reason outside the custody of the Immigration and Naturalization Service[1] and if Mr. Valle was deported, the probation would commence when he returned to the United States.

[¶ 5] After the judgment and sentence was entered, Mr. Valle filed a motion to withdraw his guilty plea. The district court denied the motion without a hearing. This appeal followed.

### STANDARD OF REVIEW

[¶ 6] We recently discussed our standard of review for a post-sentence withdrawal of a guilty plea in *Deloge:*

W.R.Cr.P. 32(d) provides that if a motion to withdraw a plea is made after sentencing, a plea may be set aside only to correct manifest injustice. Manifest injustice contemplates a situation that is unmistakable or indisputable, was not foreseeable, and affects the substantial rights of a party. It is, in part, intended to address a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. The party seeking to withdraw his pleas bears the burden of demonstrating manifest injustice. Justification for this heightened standard for withdrawal of a plea after sentencing is based in the

practical considerations important to the proper administration of justice. Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if

1. The Immigration and Naturalization Service has since been renamed the United States Citizenship and Immigration Service. *See* 6 U.S.C.S. § 291 (Supp.2005).

the sentence were unexpectedly severe. The result would be to undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process.

A district court has discretion in determining whether a party has proved manifest injustice. Absent an abuse of that discretion, we will not disturb the district court's determination. A district court's decision to deny a motion to withdraw a plea will not be reversed for an abuse of discretion so long as the district court reasonably could conclude as it did.

*Deloge v. State,* 2005 WY 152, ¶ 16, 123 P.3d 573, 578–579 (Wyo.2005) (internal citations and quotation marks omitted).

[¶ 7] Whether a district court is required to hold an evidentiary hearing prior to deciding a motion to withdraw a guilty plea is governed by the test we adopted in *Coleman:*

[I]f the defendant alleges facts which, if true, would entitle him to relief, the trial court must hold a hearing. To prevent a possible deluge of unnecessary court proceedings, the second element of the test allows a trial court to deny a hearing if the defendant's allegations are contradicted by the record, are inherently unreliable, or are merely conclusions rather than statements of fact.

*Coleman v. State,* 843 P.2d 558, 559–60 (Wyo. 1992) (internal citations and footnote omitted). We have also recognized that "[i]f the defendant offers no plausible reason for withdrawal, the trial court has discretion to deny the motion without a hearing." *Brock v. State,* 981 P.2d 465, 468 (Wyo.1999).

### DISCUSSION

[¶ 8] Mr. Valle contends the district court erred in denying his motion to withdraw his guilty plea without a hearing. Mr. Valle claims that "what has been alleged in this case is [he] was given affirmative misadvice regarding the consequences of his plea." He claims that he was advised only of the possibility of deportation, and asserts that a conviction of possession with intent to

deliver requires mandatory deportation pursuant to 8 U.S.C. § 1101(a)(43)(B) and 8 U.S.C. § 1227(a)(2)(A)(iii).[2] Mr. Valle contends that his plea was not entered voluntarily as a result of the erroneous advice. He further contends that a hearing was necessary to develop the record "to show what advice he did receive and also to explore why alternative dispositions were not sought."

[¶ 9] The law concerning whether a defendant must be advised about immigration consequences before entering a guilty plea is well settled. Immigration consequences are a collateral issue and no advice need be given to a defendant concerning those consequences:

A trial court's duty to insure that a defendant understands the consequences of a guilty plea before he enters one extends only to *direct* consequences of such a plea. Possible deportation, or extradition to another country, is a speculative and collateral consequence of a guilty plea at best, and is not a part of the information which must be conveyed to a defendant under Rule [11], W.R.Cr.P.

*Carson v. State,* 755 P.2d 242, 244 (Wyo.1988) (emphasis in original). However, when an attorney affirmatively misrepresents deportation consequences to his or her clients, a claim of ineffective assistance of counsel may arise. *See, e.g., United States v. Kwan,* 407 F.3d 1005, 1015–1017 (9th Cir.Cal.2005); *United States v. Couto,* 311 F.3d 179, 189–191 (2d Cir.N.Y.2002).

[¶ 10] Although we understand Mr. Valle's desire to assert a claim of affirmative misadvice on appeal, the record does not support his contention that such claim was presented to the district court in his motion to withdraw his plea. The pertinent allegations of Mr. Valle's motion state:

4. Mr. Valle contends he was not advised that if he pled to possession instead of possession with the intent to deliver, he would not be deported. This contention is based on information Mr. Valle received

---

2. With our resolution of this appeal, we need not analyze whether deportation is mandatory pursuant to the cited federal statutes.

from his attorney representing him in the deportation proceedings.

. . .

6. Mr. Valle was not advised of a possible alternative course of action which would prevent him from being deported out of the country he has considered his home since he was a young child. Without knowing all of the alternative courses of action open to him, Mr. Valle could not make a voluntary and intelligent choice to plead.

Our review is limited to the allegations contained in the motion and the materials before the district court at the time the motion was denied. Nothing contained in the motion suggests that Mr. Valle was seeking a withdrawal of his plea due to affirmative misadvice.

[¶ 11] The district court is required to hold a hearing regarding a post-sentence motion to withdraw a guilty plea only when a defendant alleges facts, which if true, would entitle him to relief. *Coleman*, 843 P.2d at 559–60. Mr. Valle failed to make any such allegations in his motion. In his motion, he alleged a failure to advise him of immigration consequences of a plea to a lesser charge. Mr. Valle made no allegation of affirmative misadvice in his motion or any allegation that he was ever offered the opportunity to plead to the lesser offense referenced in his motion. Mr. Valle's motion failed to allege a fundamental defect in the proceedings that would rise to the level of manifest injustice. His motion offers no plausible basis for withdrawal of the plea and, accordingly, we find no abuse of discretion in the denial of Mr. Valle's motion to withdraw his guilty plea without a hearing.

[¶ 12] Affirmed.