2010 WY 61

**Donna Marie RODRIGUEZ,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

No. S-09-0179.

Supreme Court of Wyoming.

May 14, 2010.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jenny Lynn Craig, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶1] Appellant, Donna Marie Rodriguez, challenges the district court's order revoking her probation and imposing the original prison sentence. She contends that her plea admitting the State's allegations was obtained in violation of her right to counsel. We find that Ms. Rodriguez was not properly advised of her right to be represented by an attorney, and that she did not voluntarily, knowingly, and intelligently waive her right to counsel. We reverse and remand for further proceedings.

### ISSUE

[¶2] Did Ms. Rodriguez waive her right to be represented by counsel during her probation revocation proceedings?

### FACTS

[¶3] Ms. Rodriguez was charged with accessory after the fact to escape in violation of Wyo. Stat. Ann. § 6–5–202 (LexisNexis 2007).[1] Counsel was appointed to represent her. She pled guilty pursuant to a plea agreement. The district court sentenced her to two to three years of incarceration but suspended that sentence and placed Ms. Rodriguez on probation.

[¶4] Approximately eight months later, the State filed a petition to revoke her probation. A bench warrant was issued and Ms. Rodriguez was arrested on May 7, 2009. An initial hearing was held before the district court on May 11, 2009. At that hearing, Ms. Rodriguez admitted the allegations in the petition. The court revoked her probation

---

1. Wyo. Stat. Ann. § 6–5–202(a) states: "A person is an accessory after the fact if, with intent to hinder, delay or prevent the discovery, detection, apprehension, prosecution, detention, conviction or punishment of another for the commission of a crime, he renders assistance to the person."

and orally imposed the original two to three year prison sentence. Ms. Rodriguez was not represented by counsel at that hearing.

[¶ 5] On May 14, 2009, the State filed a Request for Sentencing Hearing and counsel was subsequently appointed to represent Ms. Rodriguez. She then filed a Motion to Withdraw Admission to Probation Revocation, asserting that the plea had been obtained in violation of her right to counsel. The district court held a hearing addressing both the motion to withdraw and the State's sentencing request on June 17, 2009. At the conclusion of the hearing, the district court denied the motion to withdraw the plea and imposed the original sentence. A Sentence Order was entered on July 10, 2009 and the Order Denying Defendant's Motion to Withdraw Admission to Probation Revocation was entered on July 15, 2009. Ms. Rodriguez filed a timely appeal.

### STANDARD OF REVIEW

[¶ 6] Whether an individual has been denied the right to counsel is a constitutional issue that we review *de novo*. *Wilkie v. State*, 2002 WY 164, ¶ 4, 56 P.3d 1023, 1024 (Wyo.2002).

### DISCUSSION

[¶ 7] The State contends that Ms. Rodriguez "was advised of her right to counsel, voluntarily waived that right, and chose to admit the allegations against her without the assistance of counsel." Ms. Rodriguez disagrees.

[¶ 8] The right to counsel in probation revocation proceedings is specifically provided for in the Wyoming Rules of Criminal Procedure:

Any probationer ... who is alleged to have violated the terms of a probation order, for which violation incarceration is provided by

law, and who is financially unable to obtain adequate representation is entitled to appointed counsel if, after being informed of the right, requests that counsel be appointed to represent him/her.

W.R.Cr.P. 44(a)(2). We have also recognized that appointment of counsel for probationers who cannot afford an attorney is constitutionally protected. *Pearl v. State*, 996 P.2d 688, 689 (Wyo.2000).[2]

[¶ 9] When a probationer is arrested on a bench warrant, as was Ms. Rodriguez, the probationer must "be taken before a judicial officer without unnecessary delay." W.R.Cr.P. 39(a)(2). At the initial appearance, the probationer must be advised of her right to counsel:

(3) Advice to Probationer.—At the probationer's first appearance before the court, the court shall advise the probationer of the allegations of the petition for revocation and of the contents of any affidavits and shall further advise the probationer:

(A) Of the probationer's right to retain counsel and, where applicable, the right to appointed counsel[.]

W.R.Cr.P. 39(a)(3)(A). There is no requirement that the initial appearance be held before the same judicial officer who imposed the original sentence. Often, in a felony case, the initial appearance will be held before a circuit judge and subsequent revocation proceedings, including the plea, evidentiary hearing, and disposition, will be held in district court. In this case, the initial hearing, plea, and disposition all occurred in front of the district court at the May 11, 2009 hearing. We must determine if Ms. Rodriguez validly waived her right to counsel at that hearing.

[¶ 10] In deciding whether the right to counsel has been waived, "we indulge every reasonable presumption against waiv-

---

2. Additionally, the district court is required by statute to determine whether an individual qualifies for appointed counsel during probation revocations. Wyo. Stat. Ann. § 7–6–106(a) provides:

The determination of whether a person ... is a needy person shall be deferred until his first appearance in court.... Thereafter, the court shall determine, with respect to each proceeding, whether he is a needy person. For pur-

poses of this section, an appeal, probation revocation or proceeding to correct or modify a sentence is a separate proceeding. The determination of need shall be based on a separate application submitted at the time of each proceeding.

It is undisputed that Ms. Rodriguez financially qualified for appointment of counsel.

er." *Bolin v. State,* 2006 WY 77, ¶ 31, 137 P.3d 136, 146 (Wyo.2006). We review the record as a whole to determine if the right to counsel has been voluntarily, knowingly, and intelligently waived. *Trujillo v. State,* 2 P.3d 567, 571 (Wyo.2000). A defendant must know of her right to counsel before she can voluntarily waive that right. *Nelson v. State,* 934 P.2d 1238, 1241 (Wyo.1997).

[¶ 11] The district court's entire discussion with Ms. Rodriguez concerning her right to counsel occurred during the following exchange:

THE COURT: Ms. Rodriguez, have you received copies of both Petitions to Revoke your probation?

[Ms. Rodriguez]: Yes, Your Honor.

[Q]: Okay. So do you fully understand what you've been—what the allegations are?

[A]: Yes, sir.

[Q]: Okay. You are entitled to a hearing, not a jury trial, but a hearing before the Court, a bench trial. The State has to prove at that time by a preponderance of the evidence these allegations. That's a different standard than the original criminal charges which would be beyond a reasonable doubt. Preponderance of the evidence means a little more than not. *You are entitled to be represented at that hearing if you wish. So have you thought about that and decided whether or not you want to have a hearing?*

[A]: *Yes, Your Honor.*

[Q]: *Do you?*

[A]: *No, sir.*

[Q]: You do not? Okay. The alternative to that then would be for you to admit these allegations. If you do that I'm going to swear you in and establish a factual basis for that. So is that your desire today?

[A]: Yes, Your Honor.

[Q]: All right. Then would you please raise your right hand?

(Emphasis added.)

[¶ 12] After Ms. Rodriguez entered the plea, counsel for the State advised the court that the State was prepared to proceed with sentencing. The State recommended that the previously suspended prison sentence be reinstated. Ms. Rodriguez sought treatment and intensive supervised probation. The district court sided with the State:

So the Court has considered probation, finds it to be inappropriate, will accept the State's recommendation that you be sentenced to the Wyoming State Women's facility in Lusk for a period of not less than two and not more than three years. That is to run consecutive with any other term that is imposed.

[¶ 13] On May 14, 2009, the State filed a Request for Sentencing Hearing. The reasons for the filing are not readily ascertainable from the record. It is undisputed that during the disposition phase of the May 11th hearing, the district court imposed the original sentence. On May 18, 2009, the district court entered an Order on Initial Appearance and Order Revoking Probation. The order did not address disposition. A sentencing hearing was held on June 17, 2009.

[¶ 14] Prior to the sentencing hearing, Ms. Rodriguez sought the appointment of counsel, and defense counsel was appointed. Shortly after the appointment, defense counsel filed a Motion to Withdraw Admission to Probation Revocation claiming the admission had been obtained in violation of Ms. Rodriguez's right to counsel. That motion was also heard on June 17th. The State opposed the withdrawal of the plea. During argument the prosecutor stated:

Your Honor, in looking at the transcript from the proceedings that occurred on May 11th, Ms. Rodriguez was advised of all those rights.... The Court then asked—or advised Ms. Rodriguez if she— that she had the right to a trial, a bench trial in this matter, before the Court, *and that she also had the right to be represented by counsel, both at an admission phase and also at an evidentiary or adjudicatory hearing* later down the road. Ms. Rodriguez stated that she understood that she had those rights, and the Court asked Ms. Rodriguez what she wanted to do, if she wanted to be represented by an attorney. Ms. Rodriguez said no, she did not wish to be represented by an attorney. And then the Court proceeded to take the

plea from Ms. Rodriguez, and then proceeded to sentencing in this matter.

(Emphasis added.)

[¶ 15] Contrary to the State's assertion, the transcript of the May 11th hearing does not reflect that Ms. Rodriguez was advised of her right to counsel during the admission phase. It reflects only that she was advised of her right to counsel if a subsequent hearing was necessary. Additionally, she was never specifically asked if she waived her right to counsel.

[¶ 16] The State maintains on appeal that the district court adequately informed Ms. Rodriguez of her right to counsel when it stated: "You are entitled to be represented at that hearing if you wish." We disagree. The advisement of the right to counsel was clearly limited to an evidentiary hearing that would be held only if Ms. Rodriguez denied the allegations of the petition. Ms. Rodriguez should have been advised that she had the right to consult with counsel before entering the plea. *See* W.R.Cr.P. 39(a)(3)(A); W.R.Cr.P. 44(a)(2); Wyo. Stat. Ann. § 7–6–106(a).

[¶ 17] The State asserts that Ms. Rodriguez knew of her right to counsel because she made the following statement during the disposition phase of the May 11th hearing:

[Ms. Rodriguez]: And DFS is working with me right now that I am back just so I can have [my daughter] back, Your Honor, that's why I didn't deny these allegations and get a lawyer.

This statement does not establish a valid waiver. It reveals only that Ms. Rodriguez was aware that she was entitled to counsel if she denied the allegations in the petition and the subsequent evidentiary hearing was held. This is consistent with the advisement given by the district court that she was "entitled to be represented *at that hearing.*" (Emphasis added.) We cannot read Ms. Rodriguez's statement as a clear, unequivocal waiver of the right to counsel before entering her plea.

[¶ 18] The State also asserts that the surrounding facts and circumstances of the case establish that Ms. Rodriguez waived the right voluntarily, knowingly, and intelligently. It maintains that although Ms. Rodriguez was relatively young—21 at the time of the revocation—she had a lengthy criminal history and had been involved in numerous probation revocation hearings. The State also asserts that the case was not complicated and it was apparent that Ms. Rodriguez understood the proceedings. The State relies on Wyo. Stat. Ann. § 7–6–107 to support its assertions.

[¶ 19] Wyo. Stat. Ann. § 7–6–107 is entitled "Waiver of Rights" and states:

A person who has been advised of his rights under W.S. 7–6–105 may waive any right provided by this act if at the time of or after waiver, the court finds that the person has acted with full awareness of his rights and of the consequences of a waiver and if the waiver is otherwise made according to law. Before making its findings, the court shall consider such factors as the person's age, education, familiarity with the English language and the complexity of the crime involved. A person who knowingly and voluntarily waives his right to counsel and who elects to represent himself shall not be entitled to standby counsel under this act.

According to the plain language of the statute, the defendant may waive her rights only if she is advised of her rights, acts with a full awareness of those rights, and understands the consequences of waiving those rights.

[¶ 20] When we apply every reasonable presumption against waiver, as we are required to do, we conclude that Ms. Rodriguez did not voluntarily waive her right to counsel. At the May 11th hearing, the district court did not properly advise Ms. Rodriguez of her right to counsel, took no steps to ascertain whether she understood that right, and never specifically asked Ms. Rodriguez if she waived her right to counsel. The district court made no attempt to inform her of the repercussions of entering a plea, or of the disadvantages of proceeding to the sentencing phase without counsel.

[¶ 21] An individual's right to counsel is such a basic right that its denial can never be treated as harmless error. *Gentry v. State,* 806 P.2d 1269, 1272 (Wyo. 1991); *Campbell v. State,* 589 P.2d 358, 367 n.

6 (Wyo.1979) (*citing Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)). "Where the right to counsel has been denied at a critical stage of the proceedings ... reversal is automatic." *Nelson,* 934 P.2d at 1241. The entry of a plea is a critical stage of probation revocation proceedings. Ms. Rodriguez was not represented by counsel and did not voluntarily, knowingly, and intelligently waive her right to counsel during that proceeding. We reverse and remand for further proceedings in accordance with this opinion.