2011 WY 142

**Randal Joe CRAFT, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–11–0039.**

Supreme Court of Wyoming.

Oct. 14, 2011.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Appellate Counsel; Argument by Ms. Olson.

Representing Appellee: Gregory A. Phillips, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jeremiah I. Williamson, Assistant Attorney General. Argument by Mr. Williamson.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶1] Appellant, Randal Joe Craft, entered a conditional guilty plea to felony possession of a controlled substance in violation of Wyo. Stat. Ann. § 35–7–1031(c)(i)(A). He reserved the right to appeal whether he entered a valid waiver of counsel in a prior conviction that was used to enhance the present charge to a felony. We affirm.

## ISSUE

[¶2] Appellant presents the following issue:

Should Appellant's municipal court conviction have been used to enhance this charge to a felony, if there was no valid waiver of counsel in the municipal court?

The State phrases the issue as follows:

Did the district court correctly find that in an earlier case Appellant knowingly, intelligently, and voluntarily waived his right to counsel?

## FACTS

[¶3] On December 6, 2009, a Carbon County Sheriff's Deputy executed an arrest warrant on Appellant at his home.[1] He asked Appellant if there was anything he wanted to leave at his house, and Appellant responded by removing a baggie of marijuana from his pocket. The deputy later discovered that Appellant had received two prior

---

1. The record does not identify the offense that gave rise to the warrant for Appellant's arrest.

misdemeanor convictions for possession of a controlled substance in the past year. As a result, Appellant was charged with felony possession of a controlled substance pursuant to the enhancement provisions of Wyo. Stat. Ann. § 35–7–1031(c)(i) (LexisNexis 2009).

[¶ 4] Appellant filed a "Motion to Dismiss," claiming that one of his earlier convictions used to enhance the charge to a felony was obtained without a valid waiver of his right to counsel. In his motion, Appellant asserted that "counsel for Defendant inspected the file for the Saratoga case and found nothing anywhere in the file that specifically noted that Defendant waived his right to counsel." Appellant further argued that "Even if the State could produce a transcript of the proceedings and show that Defendant was advised of his right to counsel, Defendant believes that any such advisement would be insufficient to permit him to make a knowing and valid waiver of his right to counsel."

[¶ 5] The State responded to Appellant's motion by producing a digital recording of the Saratoga hearing.[2] The recording established that Appellant had been informed of his rights, including his right to an attorney. The judge opened the plea colloquy by explaining that the purpose of the hearing was to make sure that Appellant understood (1) his constitutional rights, (2) the charges against him, (3) the maximum possible penalty for a conviction, and (4) that Appellant would have the opportunity to enter a plea. The judge then inquired as to whether Appellant understood this process and Appellant responded "Yes, sir." The judge proceeded to explain to Appellant his constitutional rights. The judge told Appellant that he had a right to plead guilty, not guilty, or no contest, and noted that if he pled not guilty, he would have the right to a full, fair, and impartial trial before a jury. When asked if he understood this advice, Appellant responded "Yes, sir." The judge then informed Appellant of his right to remain silent at trial and his right to use the subpoena power of the court. The judge further explained that Appellant was presumed to be innocent, and that the State carried the burden of proving his guilt beyond a reasonable doubt. The judge concluded this segment of the colloquy by informing Appellant that he had the right to an attorney, and the right to a court-appointed attorney if he was indigent. When asked whether he had any questions about his constitutional rights, Appellant responded "No, sir."

[¶ 6] Next, the judge explained the nature of the charge, noting that it related to Appellant's possession of marijuana, a controlled substance, in violation of a town ordinance prohibiting possession of controlled substances. Appellant acknowledged that he understood the charges. The judge then advised Appellant of the maximum penalties for the charged offense and asked whether Appellant understood those penalties. He responded "Yes, sir." At that point, the judge asked Appellant if he wished to be represented by an attorney. Appellant responded "No, sir." The judge asked Appellant to repeat himself and he again replied "No, sir." After this discussion with Appellant, the court accepted Appellant's guilty plea. In its written order, the court found that Appellant had been advised of and had understood his rights, and that he had knowingly and voluntarily entered his plea.

[¶ 7] Based on the totality of the circumstances surrounding Appellant's guilty plea in the Saratoga municipal court proceeding, the district court denied Appellant's Motion to Dismiss. The district court found that

---

2. We note that the question of which party bears the responsibility to produce the record of the prior proceedings is not before us. Our precedent, however, suggests that the defendant carries the burden of production under these circumstances. In *Laramie v. Cowden*, 777 P.2d 1089, 1091 (Wyo.1989), we stated that the defendant asserting a constitutional challenge to an underlying conviction in an habitual traffic offender proceeding must make a prima facie showing that one or more of his underlying convictions was not obtained in accordance with his constitutional rights. Once the defendant makes this showing, the prosecution has the burden of establishing, by a preponderance of the evidence, that the conviction was constitutionally obtained. *Id.* In *Johnston v. State*, 829 P.2d 1179, 1180–81 (Wyo.1992), we applied the same standards to proceedings in which a defendant challenges prior criminal convictions that become the basis for later habitual criminal status under Wyo. Stat. Ann. § 6–10–201.

The State produced competent evidence that, at his Initial Appearance before the Saratoga Municipal Court, Defendant was, in fact, advised of his constitutional rights, including his right to counsel. The recording of the Initial Appearance reveals that Defendant voluntarily, knowingly, and intelligently waived his right to counsel. That fact is evidenced in the recording of the proceedings as well as the *Judgment and Sentence* from that court, dated February 19, 2009.

The court concluded that "There is every indication in the record, when viewed as a whole, that [Appellant] was advised of his rights, acted with a full awareness of those rights, and understood the consequences of waiving those rights." Accordingly, the court found that "the State established a valid waiver of counsel in [Appellant's] February 19, 2009 misdemeanor conviction for possession of a controlled substance." Appellant subsequently entered a conditional guilty plea to the felony charge, reserving his right to appeal whether he had validly waived his right to counsel in the prior municipal proceeding and whether the prior conviction could be used to enhance the present crime to a felony.

[¶ 8] The district court imposed a sentence of two to four years in prison, which was suspended in favor of three years of supervised probation. This appeal followed.

### STANDARD OF REVIEW

[¶ 9] "Whether an individual has been denied the right to counsel is a constitutional issue that we review *de novo*." *Rodriguez v. State*, 2010 WY 61, ¶ 6, 230 P.3d 1111, 1113 (Wyo.2010).

### DISCUSSION

[¶ 10] Appellant contends that his February 19, 2009 conviction cannot be used to enhance the present crime to a felony because he did not validly waive his right to counsel in that proceeding. The right to counsel in criminal proceedings is guaranteed by the Sixth Amendment to the United States Constitution and Art. 1, § 10 of the Wyoming Constitution. Rule 44(a)(1) of the

Wyoming Rules of Criminal Procedure specifically provides that the right to counsel attaches to "Any person financially unable to obtain adequate representation who is charged with a crime for which violation, incarceration as a punishment is a practicable possibility...." A criminal defendant, however, also has the constitutional right to waive counsel and invoke the reciprocal right of self-representation. *See, e.g., Faretta v. California*, 422 U.S. 806, 834, 95 S.Ct. 2525, 2540–41, 45 L.Ed.2d 562 (1975).

[¶ 11] In deciding whether a defendant has entered a valid waiver of counsel, we determine first whether the defendant's waiver was voluntary. *Bolin v. State*, 2006 WY 77, ¶ 31, 137 P.3d 136, 146 (Wyo.2006). If we conclude the waiver was voluntary, we then determine whether the defendant waived the right knowingly and intelligently. *Id.* In making that determination, we indulge every reasonable presumption against waiver. *Id.* A waiver of the right to counsel is knowing and intelligent if the record shows the defendant senses the magnitude of his undertaking and the risks inherent in proceeding pro se. *Trujillo v. State*, 2 P.3d 567, 571 (Wyo.2000); *Vargas v. State*, 963 P.2d 984, 989 (Wyo.1998). We have previously stated that "Ideally, the trial judge should conduct a thorough and comprehensive formal inquiry of the defendant on the record to demonstrate that the defendant is aware of the nature of the charges, the range of allowable punishments and possible defenses, and is fully informed of the risks of proceeding *pro se*." *Van Riper v. State*, 882 P.2d 230, 234 (Wyo.1994). A trial court's failure to conduct a complete inquiry on the record as to the defendant's understanding, however, "does not require reversal when 'the surrounding facts and circumstances, including [the defendant's] background and conduct, demonstrate that [the defendant] actually understood his right to counsel and the difficulties of *pro se* representation and knowingly and intelligently waived his right to counsel.'" *Id.* (quoting *United States v. Willie*, 941 F.2d 1384, 1389 (10th Cir.1991)).

[¶ 12] Appellant concedes that his waiver of counsel was "voluntary." He argues, however, that his waiver was not "knowing and

intelligent" because he did not act with a "full awareness" of his right to counsel and did not "understand the consequences" of his waiver. Appellant contends that advisements concerning possible defenses to the crime and mitigating circumstances are necessary in order to effect a knowing and intelligent waiver. He also suggests that the Saratoga municipal court was required to advise him of the potential consequence that his conviction could be used to enhance future charges against him.

[¶ 13] As an initial matter, we note that Appellant relies on *Brisson v. State*, 955 P.2d 888 (Wyo.1998) as support for the proposition that his prior conviction cannot be used for enhancement purposes. In *Brisson*, the appellant was charged with battery against a household member, which would have been a misdemeanor had it been his first or second offense, but was elevated to a felony because he had been convicted of misdemeanor battery twice within the previous ten years. *Id.* at 890. The appellant filed a motion to dismiss, claiming that the first battery conviction could not be used to enhance the current charge to a felony because it was obtained without the benefit of counsel. *Id.* He claimed that he had requested an attorney in the prior proceeding, but that his request was denied. *Id.* at 892. The issue was presented to this Court in the form of a certified question, in which it was acknowledged that the appellant did not validly waive his right to counsel. The question we addressed was whether "an uncounseled misdemeanor conviction [can] be used to enhance the penalty for battery under Wyo. Stat. § 6–2–501(b) *under circumstances wherein the defendant did not knowingly or intentionally waive counsel and, in fact, requested counsel.*" *Id.* at 889 (emphasis added). Accordingly, we did not address the issue of waiver of counsel in *Brisson* and, as a result, that case provides no guidance on the issue of whether Appellant validly waived his right to counsel.

[¶ 14] Turning now to Appellant's argument that the Saratoga municipal court was required to advise him of possible defenses and mitigating circumstances, we find that such advisements are not necessary to a valid waiver of counsel. Appellant has pre-sented no Wyoming precedent, and we are aware of none, requiring that a defendant be advised of possible defenses, mitigating circumstances, or the possibility that a conviction can be used for future sentence enhancement prior to entering a valid waiver of counsel. Rather, Wyoming authority indicates that such advisements are not required. W.R.Cr.P. 11(b), which sets forth the advisements that must be given to an unrepresented defendant before acceptance of a guilty plea, states, in relevant part, as follows:

(b) *Advice to Defendant.*—... [B]efore accepting a plea of guilty or nolo contendere to a felony or to a misdemeanor when the defendant is not represented by counsel, *the court must* address the defendant personally in open court and, unless the defendant has been previously advised by the court on the record and in the presence of counsel, *inform the defendant of, and determine that the defendant understands, the following:*

(1) *The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law and other sanctions which could attend a conviction* including, when applicable, the general nature of any mandatory assessments (such as the surcharge for the Crime Victim Compensation Account), discretionary assessments (costs, attorney fees, restitution, *etc.*) and, in controlled substance offenses, the potential loss of entitlement to federal benefits....

(Emphasis added.) As can be seen, W.R.Cr.P. 11 does not mention possible defenses or mitigating circumstances. Further, we have specifically held that a defendant does not need to be advised of the possibility of future sentence enhancement prior to the entry of a valid guilty plea. In *Johnston*, 829 P.2d at 1183, the appellant challenged the use of a Washington conviction for purposes of sentence enhancement because he was not advised of the possibility that his prior conviction could lead to an habitual criminal sentence in Washington. We rejected Appellant's argument, finding that W.R.Cr.P. 11 "does not extend to every possible conse-

quence or configuration of sentencing." *Id.* After noting that Appellant's argument was identical to that raised and disposed of in his direct appeal, we held that "We have examined the reasoning of the Washington Court of Appeals in light of these principles and are persuaded that its reasoning and conclusion that a court need not advise a defendant of the collateral consequence of habitual offender status when accepting a plea of guilty is correct under Wyoming law." *Id.; see also Valle v. State,* 2006 WY 43, ¶ 9, 132 P.3d 181, 184 (Wyo.2006) ("A trial court's duty to insure that a defendant understands the consequences of a guilty plea before he enters one extends only to *direct* consequences of such a plea.") (emphasis in original).

[¶ 15] In addition, the United States Supreme Court, in *Iowa v. Tovar,* 541 U.S. 77, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004), has also considered "the extent to which a trial judge, before accepting a guilty plea from an uncounseled defendant, must elaborate on the right to representation" and has indicated that a court need not advise a defendant as to possible defenses before accepting a valid waiver of counsel. *Id.,* 541 U.S. at 81, 124 S.Ct. at 1383. In *Tovar,* the trial court's plea colloquy with the petitioner was remarkably similar to the colloquy in this case. *Id.,* 541 U.S. at 82–83, 124 S.Ct. at 1384. The issue addressed by the Supreme Court was whether the trial court was specifically required to "(1) advise the defendant that 'waiving the assistance of counsel in deciding whether to plead guilty [entails] the risk that a viable defense will be overlooked'; and (2) 'admonis[h]' the defendant 'that by waiving his right to an attorney he will lose the opportunity to obtain an independent opinion on whether, under the facts and applicable law, it is wise to plead guilty'." *Id.,* 541 U.S. at 81, 124 S.Ct. at 1383. The Court held that neither warning is required under the Sixth Amendment and stated that "The constitutional requirement is satisfied when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea." *Id.* In light of this Supreme Court precedent, and the relevant Wyoming authority, we are not per-suaded by Appellant's argument that his waiver of counsel was invalid because he was not advised of possible defenses, mitigating circumstances, or the possibility that his conviction could be used for future sentence enhancement. A defendant does not need to be given such advisements in order to effect a knowing and intelligent waiver of counsel.

[¶ 16] Finally, Appellant cites *Rodriguez,* 230 P.3d 1111, as authority suggesting that his waiver of counsel was inadequate. In *Rodriguez,* the State filed a petition to revoke the defendant's probation and, at an initial hearing on the petition, the defendant admitted that she had violated the terms of her probation. *Id.,* ¶ 4, 230 P.3d at 1112. The defendant was not represented by counsel in that proceeding and was not advised of her right to be represented by counsel at the admission phase of the revocation proceeding. *Id.,* ¶ 4, 230 P.3d at 1113. After her plea was entered, and prior to sentencing, counsel was appointed for the defendant and he immediately filed a motion to withdraw the plea, asserting that the plea had been obtained without a valid waiver of counsel. That motion was denied and the ruling was challenged on appeal to this Court. *Id.,* ¶ 5, 230 P.3d at 1113. We reversed. After finding that "the district court did not properly advise [the defendant] of her right to counsel, took no steps to ascertain whether she understood that right, and never specifically asked [the defendant] if she waived her right to counsel," we held that the defendant did not voluntarily waive her right to counsel. *Id.* at ¶ 20, 230 P.3d at 1115. Our decision in *Rodriguez,* however, is clearly distinguishable from the present case. In contrast to the defendant in *Rodriguez,* Appellant was advised of his right to counsel, was specifically asked whether he wished to proceed with an attorney, twice stated that he did not wish to be represented by counsel, and did not dispute the waiver of counsel until presenting a collateral challenge in this appeal. In light of these distinctions, *Rodriguez* does not provide a useful benchmark by which to measure the validity of Appellant's waiver of counsel.

[¶ 17] Appellant does not claim that he did not fully understand the nature of the

charge against him or the range of allowable punishment for the crime prior to entering his plea. Nor does Appellant assert that he was unaware of his right to counsel. The record shows that, at the time of the Saratoga conviction, Appellant was an adult and possessed a high school equivalent education. Further, the record provides no indication that Appellant had any kind of language difficulties or lack of verbal comprehension.

[¶ 18] In conclusion, we find that the advisements given in the Saratoga municipal court proceeding complied with the requirements of W.R.Cr.P. 11, and we find no indication in the record that Appellant did not understand those advisements, including the advisement that he had a right to an attorney. Consequently, we take Appellant's assertion that he did not wish to be represented by counsel at face value. The district court did not err in finding that Appellant's waiver of counsel in the Saratoga proceeding was knowing and intelligent.

[¶ 19] Affirmed.