# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 139

OCTOBER TERM, A.D. 2014

_November 5, 2014_

KIM REIFER,

**Appellant**
**(Defendant),**

**v.**

S-14-0077

**THE STATE OF WYOMING,**

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Big Horn County*
*The Honorable Robert E. Skar, Judge*

*Representing Appellant:*
> Office of the State Public Defender:  Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel

*Representing Appellee:*
> Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Mackenzie Williams, Senior Assistant Attorney General

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, Justice.

[¶1]   Appellant Kim Reifer challenges the revocation of his probation on constitutional grounds.   He contends that the district court failed to properly advise him about the dangers of representing himself in the revocation proceedings, and that without the required warnings, his decision to forego counsel could not have been knowing and intelligent.   We affirm.

## ISSUE

[¶2]   The issue for our determination is whether Appellant validly waived his Sixth Amendment right to counsel.

## FACTS

[¶3]   Appellant was initially charged with one count of first degree sexual abuse of a minor, and one count of second degree sexual abuse for another incident involving the same minor.   The first degree count carried a penalty of twenty-five to fifty years in prison, and the second degree count carried a maximum penalty of twenty years in prison.   Wyo. Stat. Ann. §§ 6-2-314(a)(i), (c) and 6-2-315(a)(ii), (b) (LexisNexis 2013).   The State also alleged that Appellant had a prior conviction for child sexual abuse, and that he could be sentenced to life in prison without the possibility of parole if convicted of either charge.   Wyo. Stat. Ann. § 6-2-306(d) (LexisNexis 2013).

[¶4]   Appellant was appointed counsel and pled not guilty in district court after the circuit court found probable cause to support the charges and bound him over.   Following a change of counsel, Appellant pled guilty pursuant to a plea agreement to two misdemeanor counts of sexual battery under Wyo. Stat. Ann. § 6-2-313 (LexisNexis 2013).   The district court sentenced him to the maximum penalty of two consecutive one-year terms of incarceration in the county detention center pursuant to the agreement.   He was given credit for 442 days of time served pending trial, and the remaining 288 days of his sentence was suspended in favor of probation.   The district court explained the terms of probation to Appellant and answered his questions about them.   Appellant's public defender then withdrew because the case had concluded.

[¶5]   Roughly four months later, the State filed a petition to revoke Appellant's probation for an alleged failure to obtain a sex offender evaluation as required by one of the terms of his probation.   Before his initial appearance, Appellant wrote to the judge, stating that "I do not want a public defender representing [me in] this case.   I am representing myself."   He wrote a second letter the next day, again saying that "I am representing my self [sic] in the case . . . ."

1

[¶6]    At his initial appearance on this petition, the district court advised Appellant of his right to counsel, including the right to a public defender if he could not afford counsel. Following a discussion of his constitutional rights, Appellant was asked by the district court if he wanted the court to appoint him an attorney, to which he replied, "No. If I do [want to] be represented by an attorney, I'll furnish one myself." Appellant then denied the allegations of the petition.

[¶7]    Sometime in the next month, the State filed a motion to dismiss the petition without prejudice, which the district court granted. The State cited the potential of additional criminal charges and a desire to resolve those issues as its reason for seeking dismissal.

[¶8]    A week and a half later, the State filed a second petition to revoke Appellant's probation, alleging that he had violated additional terms of his probation. It claimed that he had failed to pay fines, that he had gone out of state without permission, and that he had at times been around children. At his initial appearance, the district court again advised Appellant of his right to counsel, including the right to a public defender, and Appellant acknowledged that he understood that right.

[¶9]    Later on in this proceeding, Appellant unequivocally reaffirmed that "I'm not hiring an attorney." He then denied the allegations levied against him. He also pointed out that his initial appearance was not held within fifteen days of the date the second petition was filed, as required by W.R.Cr.P. 39(a)(4)(B)(i). He and the district court discussed the issue at length, with the judge going into some detail about it because Appellant was "not represented."

[¶10] Subsequently, at an evidentiary hearing to determine the truth or falsity of the allegations in the revocation petition, Appellant made an oral motion to dismiss it because the time that had passed between his arrest on the second petition and his initial appearance exceeded the fifteen-day limit contained in W.R.Cr.P. 39(a)(4)(B)(i). The district court agreed and dismissed the petition without prejudice.

[¶11] On the same day, the State filed a third petition to revoke. With the parties' consent, the district court held an initial appearance and evidentiary hearing later that day. The judge again told Appellant that he had a right to a lawyer, and then asked if he wanted "to be represented by a lawyer," to which Appellant replied, "No, I would represent myself." The judge then explained the allegations of the petition, as well as the consequence if they were proven, which was that Appellant could be confined in the county jail for the remaining 288 days of his sentence. The judge also confirmed that Appellant understood what he had been told.

[¶12] Both sides presented evidence at the hearing. Appellant cross-examined the State's sole witness, a probation agent, and he also testified on his own behalf. The

district court found that Appellant had violated his probation, and it imposed the 288-day jail sentence which had previously been suspended.

[¶13] Appellant timely perfected this appeal, and counsel was appointed to represent him before this Court *in forma pauperis*.

## STANDARD OF REVIEW

[¶14] The right of self-representation, like the right to counsel, is protected by the Sixth Amendment to the United States Constitution. *Large v. State,* 2011 WY 159, ¶ 32, 265 P.3d 243, 251 (Wyo. 2011). Whether a constitutional right has been violated involves a question of law, which this Court reviews *de novo. Id.,* ¶ 31, 265 P.3d at 251.

## DISCUSSION

[¶15] The Sixth Amendment guarantees the right to counsel at all critical stages of the prosecution, including probation revocation proceedings. *Pearl v. State*, 996 P.2d 688, 692 (Wyo. 2000).[1] However, a criminal defendant may waive his right to the assistance of counsel and represent himself, so long as he does so voluntarily, knowingly and intelligently. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *Scott v. State*, 2012 WY 86, ¶ 11, 278 P.3d 747, 750 (Wyo. 2012); Wyo. Stat. Ann. § 7-6-107 (LexisNexis 2013).

[¶16] Before a defendant is allowed to proceed without counsel, he must be "made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541 (internal quotation marks omitted). Ideally, the district court should conduct a "thorough and comprehensive formal inquiry of the defendant on the record to demonstrate that the defendant is aware of the nature of the charges, the range of allowable punishments and possible defenses, and is fully informed of the risks of proceeding *pro se*." *Derrera*, ¶ 18, 327 P.3d at 112 (internal quotation marks omitted); *Large*, ¶ 32, 265 P.3d at 251 ("It is the district court's responsibility to inquire into the defendant's understanding of the charges against him, the allowable punishments, possible defenses, and the risks of proceeding *pro se*.").

[¶17] In deciding whether the right to counsel has been waived, we indulge every reasonable presumption against waiver. *Craft v. State*, 2011 WY 142, ¶ 11, 262 P.3d 1253, 1256 (Wyo. 2011). However, this Court considers the record as a whole when determining whether the defendant knowingly and voluntarily relinquished his right to

---

[1] "[T]he United States Supreme Court held that the Fourteenth Amendment incorporates the Sixth Amendment right to counsel, and accordingly requires states to make appointed counsel available to indigent defendants in all 'criminal prosecutions.'" *Derrera v. State*, 2014 WY 77, ¶ 16, 327 P.3d 107, 111 (Wyo. 2014).

representation. *Large*, ¶ 31, 265 P.3d at 251. A judge's failure to inquire "into the defendant's understanding does not require reversal when the surrounding facts and circumstances, including the defendant's background and conduct, demonstrate that the defendant actually understood his right to counsel and the difficulties of *pro se* representation and knowingly and intelligently waived his right to counsel." *Id.*, ¶ 32, 265 P.3d at 251 (quoting *Van Riper v. State*, 882 P.2d 230, 234 (Wyo. 1994)) (internal quotation marks omitted). "A defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation." *Id.*

[¶18] Appellant argues that the district court violated his Sixth Amendment right to counsel by not informing him of the risks of representing himself. He acknowledges that he was aware of his right to counsel. However, he contends the record does not reflect that he understood the magnitude of his undertaking or the risks inherent in proceeding *pro se*.

[¶19] While a thorough and comprehensive formal inquiry on the record is ideal, there are no rigid formal requirements that a judge must follow. Rather, the inquiry must be sufficient to assure that a defendant understands the dangers involved in self-representation. *Large*, ¶ 32, 265 P.3d at 251.

[¶20] The district court informed Appellant of his right to counsel. It also explained the allegations of the petition and the possible punishment if the State met its burden of proof. However, the exchange between the court and Appellant did not create a record that, standing alone, satisfied *Faretta* and our decisions implementing it. As we have explained above, "it is the district court's responsibility to inquire into . . . the risks of proceeding *pro se*." *Large,* ¶ 32, 265 P.3d at 251. That simply did not happen here. The judge should have explicitly cautioned Appellant of the dangers associated with self-representation in some fashion. The court's failure to provide an adequate advisement weighs against finding a knowing and intelligent waiver.[2]

---

[2] We understand the difficulty of applying *Faretta*. After ascertaining a defendant's education level and his experience in the criminal justice system, district and circuit judges might consider advising a defendant of the following general risks when he seeks to represent himself. There are undoubtedly others that experienced trial judges would add.

- Attorneys receive specialized training and gain experience in defending criminal cases, which the defendant will not have.
- The outcome of trials often depends on the tactics used. A defendant is unlikely to have the experience and judgment necessary to make sound tactical decisions without legal training or trial experience.
- The defendant may not understand the rules of evidence or procedure well enough to protect his interests. Knowledge of these rules is important to preserving a record for appeal regardless of the outcome of a proceeding.
- A self-represented defendant may not be aware of defenses he may be entitled to assert.

[¶21] However, the district court's failure to provide the required advisements and develop a record demonstrating that Appellant understood the risks of self-representation does not require reversal in this case. The decisive question is not only what was discussed, but whether Appellant in fact made a knowing and informed waiver of counsel. *Van Riper*, 882 P.2d at 234.

[¶22] Appellant's criminal history tends to show that he was familiar with the legal system and the value of counsel. Years ago, Appellant was convicted of sexual assault in Nebraska, and he has been a registered sex offender since. Throughout the underlying proceedings in this case, he had the opportunity on several occasions to be represented by appointed counsel. We are convinced that his familiarity with criminal proceedings provided him an understanding that the pendency of a probation revocation petition could result in incarceration, and the risk he took in representing himself. *See Van Riper*, 882 P.2d at 234-35. This evidence as a whole establishes that Appellant understood the dangers and that he did not believe he was at a disadvantage by representing himself. *Large*, ¶ 31, 265 P.3d at 251.

[¶23] The context of Appellant's decision to proceed *pro se* also lends support to the conclusion that he knowingly and intelligently waived his right to counsel. A waiver can be valid if the defendant gave it for strategic reasons or after repeatedly rejecting the assistance of counsel. *Craft*, ¶ 16, 262 P.3d at 1258; *Trujillo v. State*, 2 P.3d 567, 573-575 (Wyo. 2000); *Van Riper*, 882 P.2d at 234-35. While felony charges in this case were pending against him, Appellant was represented by an attorney who was able to negotiate a plea agreement reducing two significant felony charges which could have sent him to prison for life with no possibility of parole down to two high misdemeanors. After that, he repeatedly rejected representation in probation revocation proceedings, where his exposure was limited to 288 days—less than a year—in the county jail.

---

- Skilled cross-examination of defense witnesses may be critical to a defense, and attorneys are trained to conduct cross-examination.
- The defendant, particularly one on confinement, may be unaware of changes in case law or statutes which might bear on innocence or guilt.
- It is awkward for a defendant to testify without an attorney to examine him.
- A defendant may not fully understand the risks and benefits of waiving his Fifth Amendment right not to testify, and it is possible that he may provide evidence of guilt which will tip the balance in a close case.
- In a jury trial, it will undoubtedly be difficult for a defendant without legal training to prepare and offer jury instructions, and to adequately preserve claimed errors of law.
- It is difficult for one who faces criminal penalties to have the objectivity required to make good tactical choices.
- The court is not allowed to provide the defendant legal or other advice as to how to defend a case, any more than it would offer that advice to an attorney.

5

[¶24] Throughout the revocation process, the district judge repeatedly advised Appellant of his right to counsel and offered to appoint a public defender to represent him, but he adamantly and persistently declined the invitation. He asked good questions about his rights and obligations, and he successfully argued motions for bond reduction and dismissal of a petition to revoke. The district judge was in a good position to evaluate Appellant's motives, his understanding of the judicial system, and his ability to represent himself because he saw and spoke with him at length at his various appearances, including the evidentiary hearing.

[¶25] After examining the record as a whole, we conclude that although the advisements given by the district court did not satisfy *Faretta* and its progeny, Appellant's waiver of his right to counsel was knowing and intelligent.

[¶26] Affirmed.